No. 2--06--0572          Filed 2/27/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DANIEL G. BRAGLIA, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 05--CH--594 |
| | ) | |
| McHENRY COUNTY STATE'S | ) | |
| ATTORNEY'S OFFICE, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | Honorable |
| (Department of State Police, | ) | Michael T. Caldwell, |
| Appellant). | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

In this appeal, we consider whether the Department of State Police (Department) must be made a party to a judicial proceeding to determine whether, pursuant to section 10(b) of the Firearm Owners Identification Card Act (Act) (430 ILCS 65/10(b) (West 2004)), a firearm owner's identification (FOID) card should be issued to an applicant who would ordinarily be disqualified from holding one because of a conviction of domestic battery. We conclude that the Department need not be made a party to such a proceeding, and based on that conclusion, we hold that the Department lacks standing to appeal the trial court's order directing it to issue a FOID card to plaintiff, Daniel Braglia. Accordingly, we dismiss this appeal.

On August 9, 2005, plaintiff filed a complaint in the circuit court of McHenry County against the office of the State's Attorney of McHenry County. Plaintiff alleged that the Department had denied his application for a FOID card because he had been convicted of domestic battery. Plaintiff further alleged that substantial justice had not been done in denying his application. He requested that the trial court order the Department to issue a FOID card to him. Plaintiff did not name the Department as a party to the action and did not serve the Department with notice of the proceedings. At an evidentiary hearing, plaintiff offered testimony concerning his history of arrests and convictions. On November 30, 2005, the trial court entered an order directing the Department to issue a FOID card to plaintiff. On December 30, 2005, the Department moved to vacate the order. The trial court denied the Department's motion, and the Department brought this appeal.

The Department argues that because it was neither named in plaintiff's complaint nor served with summons, the trial court lacked personal jurisdiction over it. According to the Department, in the absence of personal jurisdiction, the order directing it to issue a FOID card is void. The Department further argues that the trial court should have vacated its order because plaintiff presented false testimony in support of his complaint.

Plaintiff has filed a motion, which we have taken with the case, to dismiss this appeal. Plaintiff contends that because the Department was not a party to the proceedings in the trial court, it is not entitled to appeal the trial court's order. The Department responds that its interest in this matter is such that it may appeal despite its status as a nonparty. Ordinarily, disposition of the motion to dismiss would be our first order of business. Here, however, the issue raised by the motion to dismiss is intertwined with the merits of the appeal. As will become clear, an understanding of the arguments raised on appeal is necessary to determine whether the Department

may even bring this appeal in the first instance. Thus, we turn provisionally to the merits of the Department's argument.

Section 5 of the Act (430 ILCS 65/5 (West 2004)) provides that the Department shall issue a FOID card to every applicant found qualified under section 8 of the Act (430 ILCS 65/8 (West 2004)). Section 8 of the Act disqualifies certain applicants from receiving FOID cards, including, for example, felons (430 ILCS 65/8(c) (West 2004)), narcotics addicts (430 ILCS 65/8(d) (West 2004)), and applicants who have been patients of mental institutions within the past five years (430 ILCS 65/8(e) (West 2004)). Of significance here, section 8(l) disqualifies "[a] person who has been convicted of domestic battery *** committed on or after January 1, 1998." 430 ILCS 65/8(l) (West 2004).

Prior to August 2001, section 10 of the Act provided, in pertinent part:

"(a) Whenever an application for a Firearm Owner's Identification Card is denied, *** the aggrieved party may appeal to the Director of the Department of State Police for a hearing upon such denial ***.

(b) Whenever, upon the receipt of such an appeal for a hearing, the Director is satisfied that substantial justice has not been done, he may order a hearing to be held by the Department upon the denial or revocation." 430 ILCS 65/10 (West 2000).

However, the General Assembly amended section 10 of the Act to provide, in pertinent part:

"(a) Whenever an application for a Firearm Owner's Identification Card is denied, *** the aggrieved party may appeal to the Director of the Department of State Police for a hearing upon such denial, *** unless the denial *** was based upon a *** domestic battery, *** in which case the aggrieved party may petition the circuit court in writing in the county of his or her residence for a hearing upon such denial ***.

(b) At least 30 days before any hearing in the circuit court, the petitioner shall serve the relevant State's Attorney with a copy of the petition. The State's Attorney may object to the petition and present evidence. At the hearing the court shall determine whether substantial justice has been done. Should the court determine that substantial justice has not been done, the court shall issue an order directing the Department of State Police to issue a Card." Pub. Act 92--442, eff. August 17, 2001 (amending 430 ILCS 65/10 (West 2000)).

In Williams v. Tazewell County State's Attorney's Office, 348 Ill. App. 3d 655 (2004), the Department argued, as it does here, that a judgment ordering it to issue a FOID card to an applicant convicted of domestic battery was void for lack of personal jurisdiction. The Department contended that personal jurisdiction was lacking because the Department had not been served with summons and had not voluntarily appeared in the action. The Williams court concluded, however, that because section 10 requires the petition to be served on the State's Attorney but does not require the petition either to name the Department as a respondent or to be served on the Department, the Department is not a necessary party to the proceedings. The Williams court therefore concluded that it was not necessary to obtain jurisdiction over the Department. Williams, 348 Ill. App. 3d at 659.

The Department argues that Williams's reading of the statute is incorrect. According to the Department, the language in section 10 requiring the petition to be served on the State's Attorney does not supercede general common-law jurisdictional principles that preclude entry of a judgment against a state agency over which personal jurisdiction is lacking. In support of its jurisdictional analysis, the Department cites the First District's decision in Akmakjian v. Department of Professional Regulation, 287 Ill. App. 3d 894 (1997), and this court's decision in People v. Grau, 263 Ill. App. 3d 874 (1994). In Akmakjian, a dentist filed a legal malpractice action against the attorney who represented him in disciplinary proceedings before the Department of Professional Regulation

(DPR). The trial court entered an order in the malpractice action directing DPR to expunge the dentist's record. Because the trial court in the malpractice action lacked jurisdiction over DPR, the Akmakjian court upheld DPR's refusal to comply with the order. Akmakjian, 287 Ill. App. 3d at 899. Grau arose from a prosecution for driving with a revoked license. The trial court entered an order finding that the Secretary of State's revocation of the defendant's license was invalid. The trial court further ordered the Secretary of State to rescind the revocation. The Secretary of State appealed. This court reversed for two reasons. First, this court concluded that the trial court lacked subject matter jurisdiction to rescind the revocation, because the Administrative Review Law (735 ILCS 5/3--101 et seq. (West 1992)) provided the exclusive method of review. Grau, 263 Ill. App. 3d at 877. Second, this court concluded that the trial court lacked jurisdiction over the Secretary of State because he had not been served with summons and had not entered a general appearance. Grau, 263 Ill. App. 3d at 877.

Clearly, however, Akmakjian and Grau do not mean that judicial acts can have no collateral impact on the official duties of governmental agencies and officers. For instance, the Department's duty to deny an application for a FOID card by an applicant disqualified because of a criminal conviction does not depend on the trial court having jurisdiction over the Department in the criminal prosecution resulting in the conviction. In In re Detention of Hayes, 321 Ill. App. 3d 178 (2001), this court recognized that a court need not have jurisdiction over a state agency or officer in order to render a judgment that affects the agency or officer's interests only indirectly. In Hayes, the respondent was found to be a sexually violent person and was committed to a secure facility. The trial court's commitment order contained a number of directives for the Department of Human Services (DHS). Among other things, the order directed DHS to follow a treatment plan developed by a particular psychiatrist and to employ that psychiatrist to oversee the implementation of the plan.

DHS argued on appeal that the commitment order was void because the trial court lacked personal jurisdiction over DHS. This court rejected the jurisdictional argument, reasoning as follows:

"Under fundamental principles of due process, a court is without jurisdiction to enter an order or judgment affecting a right or interest of someone not before the court. [Citation.] ***

In this case, the issues before the trial court were whether respondent was a sexually violent person and whether he should be committed to a secure facility or conditionally released. [Citation.] Resolution of these issues directly affected only the rights of the respondent. [DHS's] interests were not affected directly but instead were implicated because the [Sexually Violent Persons Commitment] Act imposes a duty on [DHS] to arrange for the control, care, and treatment of sexually violent persons after they are so adjudicated. [Citation.] The trial court's judgment is a binding determination of respondent's rights whether or not [DHS] is joined as a party. [Citation.] Therefore, we conclude that the trial court did not lack jurisdiction to enter a commitment order merely because [DHS] had not been named as a party or served with process." (Emphasis added.) Hayes, 321 Ill. App. 3d at 189.

Hayes differs from Akmakjian and Grau because in the latter cases, the General Assembly had conferred upon the agency (Akmakjian) or officer (Grau) the power to act in a quasi-judicial capacity with respect to the subject matter of the trial court's orders. " 'Quasi-judicial' is the term used to describe boards and agencies that, while not a part of the judiciary, exercise functions of a judicial nature." Hohnsbehn v. Board of Trustees of the Police Pension Fund, 304 Ill. App. 3d 564, 567 (1999). Section 2105--15(a)(5) of the Department of Professional Regulation Law (20 ILCS 2105/2105--15(a)(5) (West 2004)) authorizes DPR to conduct hearings on charges against members

of regulated professions. Section 2--118 of the Illinois Vehicle Code (625 ILCS 5/2--118 (West 2004)) assigns to the Secretary of State the responsibility to conduct a hearing when requested by a motorist whose driving privileges have been suspended, revoked, or denied. In Akmakjian and Grau, the trial courts essentially sidestepped the authority of DPR and the Secretary of State, respectively.

We believe that in Akmakjian and Grau, it was DPR and the Secretary of State's quasi-judicial power that gave rise to the type of direct interest requiring them to be joined as parties to the judicial proceedings. When read in light of Hayes, Akmakjian and Grau stand for the propositions that (1) agencies and officers have a direct interest in the matters within the scope of their quasi-judicial authority and (2) agencies and officers ordinarily must be made parties to judicial proceedings that potentially interfere with their exercise of quasi-judicial authority. In Grau, the interference was prospective: the trial court preempted the Secretary of State's authority to conduct a quasi-judicial hearing to review the revocation of the motorist's driving privileges. In Akmakjian, the interference was retrospective: the trial court overruled an existing quasi-judicial decision.

Read in this manner, the logic of Akmakjian and Grau does not necessarily extend to agencies or officers charged with purely ministerial duties--even though judicial proceedings might have a collateral effect on the execution of those duties--and we do not believe the logic extends to this case. The Department did not act in a quasi-judicial capacity in denying plaintiff's application for a FOID card. It was not called upon to conduct any hearing, to engage in fact finding of a judicial nature, or to pass upon any controversial point of law. Its responsibility was merely to review plaintiff's application and to deny it based on a clear statutory disqualification. The disqualification was the collateral consequence of a judicial proceeding, specifically plaintiff's prosecution for domestic battery. In contrast, the purpose of the proceedings in the circuit court was not to determine

whether plaintiff was disqualified from receiving a FOID card; clearly, he was. Rather, the question before the circuit court was whether justice required granting his application despite the disqualification. The Department's ministerial duty to deny plaintiff's application did not invest it with any direct interest in that distinct (albeit related) question.

The Department argues, however, that permitting it to participate in the judicial hearing advances the Act's objective of promoting public safety. We see no reason why, in general, the Department is any better suited than the State's Attorney to represent the public's interests in these matters. Certainly, the State's Attorney has access to a FOID-card applicant's criminal record. Indeed, in cases involving certain types of criminal convictions, the State's Attorney may very well be more familiar with the relevant circumstances bearing on considerations of public safety.

These observations bring us back to the question of whether this appeal is even properly before us, given that the Department was not a party to the proceedings below. There is authority that a state officer may appeal from an order in proceedings to which he or she was not a party when he or she has an interest that is direct, immediate, and substantial and that would be prejudiced by the judgment or would benefit from reversal (People v. Pine, 129 Ill. 2d 88, 95 (1989), citing In re Estate of Tomlinson, 65 Ill. 2d 382, 387 (1976)). For the reasons discussed above, the Department lacks any such interest. Our decision might have been different if the trial court's order imposed extensive duties on the Department. See People v. White, 165 Ill. App. 3d 249 (1988); see also In re O.H., 329 Ill. App. 3d 254 (2002) (Department of Children and Family Services had standing to appeal order requiring it to assume responsibility for placement of delinquent minors in residential facilities). However, the order merely required the issuance of a FOID card.

It is also notable, perhaps, that the appellant in this case is not a state officer, as in Pine, but a department of the state government. A department of the state government is not an independent

political body. See Gordon v. Department of Transportation, 109 Ill. App. 3d 1071, 1074 (1982) ("A department of State government is a part, or division, of the government"). Thus, its powers are really those of the State, and they are not exercised by the department itself but by the officer at the head of the department. Section 5--20 of the Departments of State Government Law provides that "[e]ach department shall have an officer as its head who shall be known as director or secretary and who shall *** execute the powers and discharge the duties vested by law in his or her respective department." (Emphasis added.) 20 ILCS 5/5--20 (West 2004). The Department is headed by the Director of State Police. 20 ILCS 5/5--20 (West 2004). Arguably, even if the Department had any direct interest in the matter before the trial court, it should have been the Director of State Police (not the Department) who asserted the interest. The absence of the Director of State Police as a party to this appeal further attenuates the Department's asserted interest in the trial court's decision.

We further note that in Hayes, we held that DHS would have "nonparty standing to appeal the trial court's commitment order if it believes the order exceeds the trial court's [statutory] authority." Hayes, 321 Ill. App. 3d at 190. In Hayes, we reversed that portion of the commitment order directing DHS to employ a particular psychiatrist to supervise a treatment plan. We did so not because the trial court lacked jurisdiction over DHS, but because the trial court lacked statutory authority to issue such a directive. Here, however, the circuit court has clear statutory authority to order the Department to issue a FOID card. Accordingly, the Department cannot assert nonparty standing on this basis.

For the foregoing reasons, we conclude that the Department lacks standing to appeal from the order of the circuit court of McHenry County. Accordingly, we grant plaintiff's motion to dismiss this appeal.

Appeal dismissed.

HUTCHINSON and BYRNE, JJ., concur.