# Illinois Official Reports

## Appellate Court

---

### *Winders v. People*, 2015 IL App (3d) 140798

---

| | |
|---|---|
| Appellate Court Caption | DONALD L. WINDERS, Petitioner-Appellee, v. THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee (The Department of State Police, Intervenor-Appellant). |
| District & No. | Third District<br>Docket No. 3-14-0798 |
| Rule 23 order filed | November 10, 2015 |
| Motion to publish allowed | December 23, 2015 |
| Opinion filed | December 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 13-MR-338; the Hon. Eugene P. Daugherity, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Frank H. Bieszczat, Assistant Attorney General, of counsel), for appellant.<br><br>Bradley P. Popurella, of Popurella Law Office, of Granville, for appellee Donald L. Winders.<br><br>Brian Towne, State's Attorney, of Ottawa (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Lytton and O'Brien concurred in the judgment and opinion.


## OPINION

¶ 1      The petitioner, Donald L. Winders, applied to the appellant, the Department of Illinois State Police, for a Firearm Owners Identification (FOID) card and was denied based on his criminal history. Winders petitioned the circuit court for relief from the Department's decision, which the court granted. The Department, which was not a party to the circuit court case, filed a petition to intervene pursuant to section 2-408(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-408(a) (West 2012)) and a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)), both of which the court denied. On appeal, the Department argues that the circuit court erred when it denied the petitions to intervene and for relief from judgment. We reverse and remand with directions.

¶ 2                         FACTS

¶ 3      On July 3, 1982, a criminal complaint was filed that alleged Winders committed aggravated battery with a firearm that caused bodily harm to an individual. Winders entered a negotiated plea of guilty and was sentenced to two years of conditional discharge. On April 28, 1989, a criminal complaint was filed that alleged Winders committed battery in that he knowingly and without legal justification caused bodily harm to his paramour and household member. Winders was found guilty of the offense.

¶ 4      In 2013, Winders filed an application for a FOID card with the Department. The Department denied the application based on Winders' felony conviction.

¶ 5      On November 13, 2013, Winders filed a petition with the circuit court that requested relief from the Department's decision to deny him a FOID card. Winders alleged that he met the requirements of section 10(c) of the Firearm Owners Identification Card Act (FOID Act) (430 ILCS 65/10(c) (West 2012)) such that he was entitled to relief from the Department's decision.

¶ 6      On April 7, 2014, the circuit court held a hearing on Winders' petition. The State did not object to granting the petition. The court found that Winders' criminal history did not prohibit him from obtaining a FOID card, and the court accordingly granted the petition and ordered the director of the Department to issue a FOID card to Winders.

¶ 7      On July 11, 2014, the Department filed a petition to intervene, as well as a petition for relief from judgment pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)). The section 2-1401 petition alleged that the Department was not given notice of Winders' 2013 petition filed with the circuit court, and that because the federal Gun Control Act of 1968 (18 U.S.C. § 922 (2006)) prohibited Winders from possessing a firearm due to his 1989 battery conviction, he did not meet the requirements of section 10(c) of the FOID Act to obtain relief from the Department's decision. The Department's section 2-1401 petition was not accompanied by an affidavit.

¶ 8      Winders filed a motion to strike the Department's petitions, alleging, *inter alia*, that the Department failed to support its section 2-1401 petition with an affidavit.

¶ 9      On September 9, 2014, the circuit court held a hearing on the Department's petition. Counsel for the Department argued that the Department's interests were not always identical to the State's Attorney's office on behalf of the people of Illinois. Here, counsel argued, "[t]he Illinois State Police, as the agency that is required by law to administer the FOID Act, has a sort of unique interest in making sure that it is complying both with federal and state law in issuing a firearms identification card." Counsel also pointed out that it was unclear from the court's order whether it had considered the amendments made to the FOID Act in 2013 that added a prohibition to issuing a FOID card if a federal law prohibited the individual from possessing a firearm. The Department's position was that Winders' two criminal convictions prohibited him under federal law from possessing a firearm. Counsel also added that it filed its petition to intervene as soon as the Department received notice of the court's order directing it to issue Winders a FOID card. In response, counsel for Winders stated, *inter alia*, that the supreme court's decision in *Coram v. State of Illinois*, 2013 IL 113867, allowed for the issuance of a FOID card to Winders.

¶ 10      After hearing arguments, the court found that: (1) the Department's petition to intervene was untimely; (2) the petition to intervene was not supported by an affidavit; and (3) the Department had not complied with section 2-1401. Further, the court stated that it was "aware of dicta in the Coram v. Illinois decision which says that even if there were to have been a violation of federal law in the instance involved there, the Court indicated that the FOID card should have been issued." Accordingly, the court denied the Department's petition to intervene. The Department appealed.

¶ 11                                     ANALYSIS

¶ 12      On appeal, the Department argues that the circuit court erred when it denied the petitions to intervene and for relief from judgment. Specifically, the Department contends that both of the circuit court's grounds for its ruling–that the petition to intervene was untimely and that the petition for relief from judgment did not comply with section 2-1401 of the Code–were impermissible legal grounds upon which to base the decision.

¶ 13      In relevant part, section 2-408(a) of the Code provides that a party shall be permitted to intervene in a case when the application is timely and "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." 735 ILCS 5/2-408(a) (West 2012). This paragraph is to be liberally construed. *Freesen, Inc. v. County of McLean*, 258 Ill. App. 3d 377, 381 (1994). In determining whether to allow a petition to intervene, the circuit court "must consider whether the petition to intervene is timely, whether the petitioner's interest is sufficient, and whether that interest is being adequately represented by someone else in the lawsuit." *Soyland Power Cooperative, Inc. v. Illinois Power Co.*, 213 Ill. App. 3d 916, 918 (1991). Whether to allow intervention is a discretionary decision for the circuit court that we will not disturb absent an abuse of that discretion. *In re Estate of Barth*, 339 Ill. App. 3d 651, 661 (2003).

¶ 14      With regard to timeliness, we note that "[w]hile a person may not normally seek intervention after the rights of the original parties have been determined and a final decree entered [citation], a motion to intervene may be filed even after dismissal of the case and still be timely where necessary to protect the interests of the intervenor." *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 298 (1995). A party that

seeks to intervene after a judgment has been entered must explain its failure to seek intervention prior to the judgment being entered, and intervention may be allowed in the court's discretion if the party lacked knowledge of the action prior to the judgment being entered. *Schwechter v. Schwechter*, 138 Ill. App. 3d 602, 604-05 (1985). In addition, intervention may be allowed after a judgment has been entered if doing so is the only way to protect the rights of the party seeking to intervene. *In re Marriage of Kueteman*, 273 Ill. App. 3d 77, 79 (1995).

¶ 15     Our review of the record in this case reveals that the Department's petition to intervene was timely on these facts. Without explanation, the circuit court found that the petition was untimely.[1] However, the Department alerted the court both in the petition for relief from judgment and in arguments at the hearing that it lacked knowledge of Winders' action in the circuit court and did not learn of the action until it received the court's order directing it to issue Winders a FOID card. While the Department was not a necessary party to that action (*Williams v. Tazewell County State's Attorney's Office*, 348 Ill. App. 3d 655, 659 (2004)), the above-cited case law indicates that there is nothing *per se* untimely about a petition to intervene that is filed after a judgment has been entered (*Citicorp Savings*, 269 Ill. App. 3d at 298; *Schwechter*, 138 Ill. App. 3d at 604-05; *Kueteman*, 273 Ill. App. 3d at 79). Under these circumstances, and construing the attempt to intervene liberally, we hold that the circuit court abused its discretion when it found the Department's petition to intervene to be untimely.

¶ 16     With regard to the requirements that the party seeking to intervene possesses sufficient interest and whether that interest was represented by existing parties, we note that the Department alleged that its rights were not adequately represented by either of the parties involved. Because the judgment bound the Department, the Department's rights were clearly impacted and there is nothing in the record to suggest that the State's Attorney's office did represent the Department's rights. In fact, the State's Attorney's office took a position opposite to the Department in that it did not object to Winders' petition for relief, at least in part due to interpretations of *Coram* and section 10(c) that ran contrary to those of the Department. In addition, the Department's interest is beyond that of the general public, as the Department is tasked with the administration of the FOID card program and must ensure compliance with federal and state law. See *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 57-58 (2002) (holding that "[a]lthough a party [seeking to intervene] need not have a direct interest in the pending suit, it must have an interest greater than that of the general public, so that the party may stand to gain or lose by the direct legal operation and effect of a judgment in the suit"). Thus, not only was the Department's petition timely, the Department also demonstrated a sufficient interest and the inadequacy of the existing parties to represent that interest. See *Soyland Power*, 213 Ill. App. 3d at 918. Because section 2-408(a)(2) (735 ILCS 5/2-408(a)(2) (West 2012)) provides that intervention *shall* be permitted as a matter of right when these three requirements are met, the circuit court had no discretion to deny the petition to intervene. 735 ILCS 5/2-408(e) (West 2012).

---

[1]We note that the court seemed to indicate that the failure to file an affidavit affected the timeliness of the petition to intervene. We believe the court misspoke and was referencing the petition for relief from judgment in this regard, as section 2-1401 requires an affidavit, while section 2-408 does not. If the court in fact did not misspeak, then the court's belief that the lack of an affidavit rendered the petition to intervene untimely was erroneous.

¶ 17    Even though we have held that the circuit court erred when it denied the Department's petition to intervene, we will also address the Department's second argument that the court erred when it denied the petition to intervene on the additional ground that the section 2-1401 petition was procedurally insufficient.

¶ 18    Section 2-408(e) of the Code provides that "[a] person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file." *Id*. In this case, that pleading or motion would be the petition for relief from judgment. It is important to note that there is no requirement in section 2-408 that the accompanying motion be meritorious or even procedurally flawless. In *Soyland Power*, the Fourth District stated:

> "The purpose of section 2-408(e) of the Code is to give both the trial court and any opposing party a clear indication of the relief the potential intervenor will be seeking if his petition to intervene is granted. This purpose is achieved by the requirement that the potential intervenor's initial pleading he *proposes to file* be attached to the petition to intervene. Only when the goals of the potential intervenor are revealed in this fashion can the trial court and any opposing party assess the appropriateness of the petition to intervene." (Emphasis added.) *Soyland Power*, 213 Ill. App. 3d at 920.

Thus, the accompanying motion can serve to clarify the intention of the party seeking to intervene, but even if that motion would be denied, the court cannot prohibit a party from intervening when the party seeks to intervene as a matter of right and it has met the three aforementioned requirements. Accordingly, to the extent that the circuit court premised its denial of the Department's petition to intervene on a determination that the section 2-1401 petition was deficient, that ruling was erroneous.

¶ 19    Lastly, because the circuit court also apparently premised its denial of the petition to intervene in part on its belief that the *Coram* decision permitted a state court to remove an applicant's federal impediment to possessing a firearm, we will briefly address the Department's claim that the court misinterpreted *Coram*.

¶ 20    While it was not decided until after the circuit court issued its decision in this case, in *O'Neill v. Director of the Illinois Department of State Police*, 2015 IL App (3d) 140011, a different panel of this court addressed the supreme court's decision in *Coram* and the 2013 amendments to section 10(c) of the FOID Act. This court held, *inter alia*, that in *dicta*, four justices of the supreme court found in *Coram* that under the 2013 amendments to section 10(c), a state court could not remove a federal prohibition on the ability of an individual to possess a firearm. *Id.* ¶ 27. Further, this court held that the applicant was not entitled to a reinstatement of his FOID card because the FOID Act "prohibits the court from granting relief where doing so would be contrary to federal law." *Id.* ¶ 31.

¶ 21    In this case, the circuit court found that *Coram* allowed a state court to remove an applicant's federal impediment to possessing a firearm. Pursuant to *O'Neill*, that finding was incorrect. Thus, to the extent that the circuit court based its denial of the Department's petition to intervene on the court's interpretation of *Coram*, that ruling was erroneous.

¶ 22    For the foregoing reasons, we hold that the circuit court abused its discretion when it denied the Department's petition to intervene. We remand the case for the court to allow the Department's petition to intervene, and to hold further proceedings consistent with our decision.

¶ 23                              CONCLUSION

¶ 24        The judgment of the circuit court of La Salle County is reversed and the cause is remanded with directions.

¶ 25        Reversed and remanded with directions.