NOTICE
Decision filed 03/03/16. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2016 IL App (5th) 140586

NO. 5-14-0586

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| *In re* RESTORATION OF CIVIL RIGHTS AND ISSUANCE OF A FIREARM OWNER'S IDENTIFICATION CARD TO MARSHALL BAILEY | ) ) ) ) | Appeal from the Circuit Court of Shelby County. |
| | ) | |
| (Marshall Bailey, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | No. 14-MR-31 |
| | ) | |
| The Department of State Police, | ) | Honorable |
| | ) | Allen F. Bennett, |
| Intervenor-Appellant). | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court, with opinion.
Justices Welch and Goldenhersh concurred in the judgment and opinion.

**OPINION**

¶ 1    The Illinois Department of State Police (Department), intervenor-appellant, appeals the denial of its petition to intervene as of right pursuant to section 2-408(a)(2) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-408(a)(2) (West 2012)).  For the following reasons, we reverse the judgment of the circuit court of Shelby County and remand, with directions, for further proceedings.

1

¶ 2    In April of 2012, Marshall Bailey (Bailey) applied to the Department requesting a firearm owners identification card (FOID card).  His application was denied because of a prior misdemeanor conviction for a crime involving domestic violence.  On July 1, 2014, Bailey petitioned the circuit court pursuant to section 10 of the Firearm Owners Identification Card Act (FOID Act or Act) (430 ILCS 65/10 (West 2012)) to remove his legal disability to possess a firearm, restore his civil rights to possess a firearm, and direct the Department to issue him a FOID card.  The petition was served only on the Shelby County State's Attorney (State's Attorney), as required by section 10(b) of the FOID Act (430 ILCS 65/10(b) (West 2012)).

¶ 3    On August 7, 2014, Bailey, his counsel, and the State's Attorney appeared before Judge James L. Roberts for a hearing on Bailey's petition.  On that date, Bailey's attorney was not prepared to go forward, and moved for a continuance.  The State's Attorney did not object, and the continuance was granted.  The circuit court directed Bailey's counsel to coordinate a new hearing date with the State's Attorney.

¶ 4    The next day, August 8, 2014, the Honorable Allen F. Bennett entered an order granting Bailey's petition.  The introductory language in the order indicated that it was issued after the circuit court had considered the common law record, the comments and arguments of counsel, and all of the evidence.  The record, however, does not support this preliminary language, as there is no indication that a hearing was actually held.  There also is no transcript or docket entry that reflects the appearance of counsel or any type of bystander's report.  Therefore, we are left with little insight regarding the proceedings that occurred before the court.  Nevertheless, the judgment issued on August 8 removed

2

Bailey's legal disability from owning and possessing a firearm, restored his civil rights to own and possess a firearm, and directed the Department to issue Bailey a FOID card. The circuit court found that the circumstances regarding Bailey's criminal conviction and his criminal history, as well as his reputation, were such that he was not likely to act in a manner dangerous to public safety, and that granting the relief sought would not be contrary to the public interest.

¶ 5    On Monday, September 8, 2014, the Department, which had not been named as a party in the circuit court proceedings, filed a petition to intervene as of right pursuant to section 2-408(a)(2) of the Code.  The Department claimed that it should be allowed to intervene, having satisfied all the requirements set forth in the statute (735 ILCS 5/2-408(a)(2) (West 2012)).[1]  More specifically, the Department first claimed that its interests had not been adequately represented, given that the State's Attorney had not objected to Bailey's petition.  Second, because the Department was the entity bound by the judgment requiring it to issue a FOID card to Bailey, the Department argued that it had a direct interest in the proceedings.

¶ 6    In addition to the petition to intervene as of right, the Department concurrently filed a motion to vacate the circuit court's judgment pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2012)).  In both the petition to intervene as of right

[1]The Department also based its petition to intervene as of right on section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2012)).

3

and the motion to vacate, the Department contended that federal law, namely the Gun Control Act of 1968 (18 U.S.C. § 922(g)(9) (2012)), prohibited Bailey from owning, possessing, or transporting a firearm because of his prior domestic violence conviction, even though it was a misdemeanor.  The Department alleged that the court had exceeded its lawful authority under sections 10(b) and 10(c)(4) of the FOID Act (430 ILCS 65/10(b), (c)(4) (West 2012)), which were in effect at the time Bailey filed his petition. Therefore, the Department argued that the circuit court was forbidden from entering the judgment overriding the federal disqualification that prohibited Bailey from receiving a FOID card.

¶ 7    On October 28, 2014, the circuit court held a hearing regarding the Department's petition to intervene as of right.  During that hearing, the Department reiterated the arguments raised in its petition.  Bailey argued that the Department's petition should be denied because the Department lacked standing to intervene under *Braglia v. McHenry County State's Attorney's Office*, 371 Ill. App. 3d 790 (2007).  Bailey also contended that the Department was not a necessary party to Bailey's petition, as section 10 of the FOID Act (430 ILCS 65/10 (West 2012)) did not require that the Department be notified of Bailey's petition.  In particular, Bailey asserted that under *Williams v. Tazewell County State's Attorney's Office*, 348 Ill. App. 3d 655 (2004), it was the State's Attorney, not the Department, that was the proper party to make an objection to Bailey's petition.  Finally, Bailey argued that the Department's petition should be denied because it was filed 31 days after the circuit court's judgment was entered, and was, therefore, untimely.

4

¶ 8 After considering the arguments of counsel, the court found that the Department's petition was untimely, as it had been filed 31 days after the final judgment had been entered. The court also found, based upon its "personal position," that it was the State's Attorney, not the Department, that "should have the final say" as to whether or not the petition should be granted, and the State's Attorney had not filed an objection to Bailey's petition. Accordingly, the court denied the Department's petition to intervene as of right. The Department has appealed the court's order.

¶ 9                                    ANALYSIS

¶ 10 At the outset, we note that the Department filed a motion for leave to cite additional authority. Bailey filed no response. Therefore, the Department's motion is granted. We next consider the arguments raised herein.

¶ 11 The Department contends that the circuit court abused its discretion by denying its petition to intervene as of right under section 2-408(a)(2) of the Code (735 ILCS 5/2-408(a)(2) (West 2012)) when it ruled that the petition was untimely, and that the State's Attorney was the only entity entitled to voice an objection to the issuance of a FOID card. Bailey argues that the Department lacks standing to appeal, and urges us to support the trial court's finding that the Department's application for intervention was untimely, and that the Department's petition to intervene failed to meet the requirements of section 2-408(a)(2). We disagree.

¶ 12 Our analysis begins with whether the Department has standing to appeal the denial of its petition to intervene as of right, as it was not a party to the original proceedings on July 1, 2014, when Bailey filed his petition for the issuance of a FOID card. A state

5

agency has standing to file an appeal in an action in which it has a direct, immediate, and substantial interest in the outcome, even if it was not originally named as a party. See *In re O.H.*, 329 Ill. App. 3d 254, 257-58 (2002); see also *Odle v. Department of State Police*, 2015 IL App (5th) 140274, ¶ 24. Further, a party not named in an original action has nonparty standing to appeal if it believes that an order entered by the trial court exceeds its authority under the law. See *In re Detention of Hayes*, 321 Ill. App. 3d 178, 190 (2001).

¶ 13 Bailey argues that the Department lacked standing to appeal because the State's Attorney was the only necessary party pursuant to section 10 of the FOID Act. In support of his argument, Bailey relies on *Braglia v. McHenry County State's Attorney's Office*, 371 Ill. App. 3d 790 (2007). In *Braglia*, the definitive issue was whether the Department was a necessary party to section 10 proceedings, and, therefore, whether the state agency had standing to appeal an order directing it to issue a FOID card. *Braglia* acknowledged that our Illinois Supreme Court has held that "a state officer may appeal from an order in proceedings to which he or she was not a party when he or she has an interest that is direct, immediate, and substantial and that would be prejudiced by the judgment or would benefit from reversal." *Braglia*, 371 Ill. App. 3d at 795. In its consideration of whether the Department had a substantial interest in the outcome of the section 10 proceedings that required the Department to issue a FOID card, the *Braglia* court portrayed the Department's acts and obligations in administering the FOID Act as "ministerial." *Braglia*, 371 Ill. App. 3d at 795. As a result of this characterization, the *Braglia* court held that the Department was not entitled to nonparty standing, as it had no

6

direct, immediate, or substantial interest in the outcome of the proceedings. *Braglia*, 371 Ill. App. 3d at 795. The *Braglia* court also noted that the Department had made no claim that the circuit court exceeded its statutory authority by requiring the Department to issue plaintiff a FOID card. *Braglia*, 371 Ill. App. 3d at 796. Therefore, the *Braglia* court denied the Department standing to appeal. *Braglia*, 371 Ill. App. 3d at 796.

¶ 14    Recently, this court in *Odle v. Department of State Police*, 2015 IL App (5th) 140274, allowed nonparty standing where the Department had a direct and substantial interest in the outcome of the proceedings, even though it had not been named a party. In *Odle*, the petitioner, Joshua Odle, pled guilty to one count of battery. In exchange for this plea, additional charges involving crimes of domestic battery and aggravated battery of a child were dismissed. According to Odle, he was promised by the State's Attorney that if he pled guilty to the battery offense, his FOID card would not be revoked. Subsequent to Odle's plea, the Department revoked Odle's FOID card based upon the battery conviction. *Odle*, 2015 IL App (5th) 140274, ¶ 1. The Department based its revocation on the fact that there was evidence, including statements from the victims and photographs of the bruising, that Odle had beaten his five-year-old son on the buttocks. *Odle*, 2015 IL App (5th) 140274, ¶¶ 8, 10. Odle filed a petition pursuant to section 10 of the FOID Act. *Odle*, 2015 IL App (5th) 140274, ¶ 11. The trial court overruled the Department's revocation and ordered the Department to issue Odle a FOID card. *Odle*, 2015 IL App (5th) 140274, ¶ 13. The Department then filed a motion to vacate the trial court's order, which was denied. *Odle*, 2015 IL App (5th) 140274, ¶ 15. The Department appealed and the issue then became whether the Department had standing to pursue its appeal of the

denial of its motion to vacate. *Odle*, 2015 IL App (5th) 140274, ¶¶ 16, 23. As in *Braglia*, the controlling principle of law was whether "[a] state agency ha[d] standing to file an appeal in a case in which it ha[d] a direct and substantial interest in the outcome even if it was not named as a party." *Odle*, 2015 IL App (5th) 140274, ¶ 24. We concluded that where the trial court's order had reversed the decision of the Department, and directed the Department to issue a FOID card, the Department had standing to pursue an appeal. *Odle*, 2015 IL App (5th) 140274, ¶ 24.

¶ 15 The *Odle* reasoning equally applies to Bailey. The Department has a direct and substantial interest in the outcome of the circumstances herein because it has been ordered to issue Bailey a FOID card, even though the court exceeded its statutory authority in requiring the issuance of a card. The Department, therefore, should be granted nonparty standing to pursue this appeal, as the Department has a direct and substantial interest in the outcome of the appeal, namely whether Bailey will, or will not, be allowed to possess a firearm.

¶ 16 Bailey's reliance on *Braglia* to support his contention that the Department has no right to nonparty standing is simply injudicious in light of the 2013 amendments to the FOID Act and our reasoning in *Odle*. *Braglia* was decided prior to the 2013 amendments to the FOID Act. At the time of the *Braglia* decision, the circuit court had the authority to override the determination by the Department to deny the issuance of a FOID card. In other words, the circuit court could remove a federal firearm disqualification from an applicant. In 2013, the FOID Act was amended, and, as a result thereof, the circuit court no longer had the statutory right to require the issuance of a FOID card where the

8

applicant would otherwise be prohibited under federal law from possessing a firearm. See 430 ILCS 65/10(b) (West 2012) (as amended by Pub. Act 97-1131, § 15 (eff. Jan. 1, 2013)); see also *Coram v. State*, 2013 IL 113867, ¶ 101 (Burke, J., specially concurring, joined by Freeman, J.) (in *dicta*, four justices of our Illinois Supreme Court found that the 2013 amendments to the FOID Act make clear that the circuit court no longer has authority to remove a federal firearm disability). In fact, the *Odle* court specifically held that, "[a]s amended, section 10 [of the FOID Act] requires courts to find that granting relief would not be contrary to federal law." *Odle*, 2015 IL App (5th) 140274, ¶ 33.

¶ 17 Although the 2013 amendments did not resolve the issue of whether the Department was a necessary party to section 10 proceedings, we do believe that the amendments have more clearly defined the Department's role as the gatekeeper of the FOID Act. Since 2013, it is difficult to imagine how the Department's enforcement of the Act could be characterized as "ministerial," as the responsibility of the Department to protect the citizens in Illinois is substantial. Ensuring that FOID cards are not issued to individuals who "are not qualified to acquire or possess firearms, firearm ammunition, stun guns, and tasers within the State of Illinois" promotes the public safety. 430 ILCS 65/1 (West 2012). Therefore, in light of the foregoing, we hold that the Department has a direct and substantial interest in proceedings brought pursuant to section 10 of that Act, and, further, has an interest in the outcome of any of the proceedings brought pursuant to that Act.

¶ 18 Turning to the issue of timeliness, the Department filed its petition to intervene as of right pursuant to section 2-408(a)(2) of the Code. Section 2-408(a)(2) states, "(a)

9

Upon *timely application* anyone shall be permitted as of right to intervene in an action: *** (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action[.]"  (Emphasis added.)  735 ILCS 5/2-408(a)(2) (West 2012).  The statute has no language that defines "timeliness" for purposes of filing a petition under this section.  See 735 ILCS 5/2-408 (West 2012).  Therefore, the determination of whether a petition to intervene has been timely filed is left to the discretion of the trial court.  *In re Estate of Mueller*, 275 Ill. App. 3d 128, 140 (1995).  Generally, while a party may not seek to intervene after the rights of the original parties have been determined, and a final decree has been entered, a petition to intervene may be considered timely even after a final judgment has been entered, where it is necessary to protect the interests of the intervenor.  See *Winders v. People*, 2015 IL App (3d) 140798, ¶ 15 (under the circumstances, the Department's petition for intervention was timely even after a final judgment was entered); see also *Redmond v. Devine*, 152 Ill. App. 3d 68, 73-75 (1987) (intervention timely sought 20 months after entry of a final judgment); *People ex rel. Baylor v. Bell Mutual Casualty Co.*, 2 Ill. App. 3d 17, 21 (1971) (application for intervention allowed by the court almost two months after the entry of a final order).  Other factors to be considered for determining timeliness include consideration of when the intervenor first became aware of the litigation, the amount of time that elapsed between initiation of the circuit court proceedings and the filing of the petition to intervene, and the reason for failing to seek intervention at an earlier date.  *Freesen, Inc. v. County of McLean*, 277 Ill. App. 3d 68, 72 (1995).

10

¶ 19   Here, the court decided that the Department's petition to intervene had not been timely filed. The circuit court failed to consider the fact that the Department was not aware of Bailey's petition until after the entry of the August 8, 2014, judgment. As noted previously, the legislature has not required that the Department be notified of such a petition under the FOID Act. See 430 ILCS 65/10(b) (West 2012). Therefore, the Department was not able to seek intervention at an earlier date because it did not have notice that Bailey's petition had been filed. Once the Department became aware of the circuit court's judgment, it acted diligently by filing its petition to intervene as of right within 31 days. Therefore, in construing the intervention statute liberally, we hold that the circuit court abused its discretion when it found that the Department's petition to intervene was not timely filed.

¶ 20   We also note that even if the statute contained a 30-day requirement for filing, the Department's petition to intervene as of right would have been timely. The thirtieth day after the circuit court entered its judgment fell on Sunday, September 7, 2014. The Statute on Statutes provides that when the last date for filing a motion falls on a Sunday, that date "shall *** be excluded" from the computation of time. 5 ILCS 70/1.11 (West 2012). The court here did not exclude that Sunday date in its computation. Accordingly, even if there had been a 30-day requirement for filing, the Department's petition to intervene as of right would have been timely filed.

¶ 21   Having concluded that the Department had standing to appeal, and that the Department's petition to intervene as of right was filed timely, we address, finally, Bailey's contention that only the State's Attorney had the right to object to the issuance of

11

the FOID card, and that the Department had no right to intervene. As discussed previously, intervention as of right requires a showing that the representation of the applicant's interest by existing parties is or may be inadequate, and the applicant will or may be bound by an order or judgment in the action. 735 ILCS 5/2-408(a)(2) (West 2012). While the party petitioning for intervention as of right need not have a direct interest in the pending suit, it must have an interest beyond that of the general public. *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 57-58 (2002). Therefore, when a party petitions for intervention as of right, section 2-408(a)(2) limits the court's analysis to a determination of the timeliness of the application, whether there has been inadequacy of representation, and the sufficiency of the applicant's position in the proceedings. *Citicorp Savings of Illinois v. First Chicago Trust Co. of Illinois*, 269 Ill. App. 3d 293, 298 (1995); 735 ILCS 5/2-408(a)(2) (West 2012). If these threshold requirements are met, then, under the plain meaning of the statute, the petition to intervene shall be granted. *City of Chicago v. John Hancock Mutual Life Insurance Co.*, 127 Ill. App. 3d 140, 144 (1984).

¶ 22 The intervention statute is remedial in nature, and, as such, should be construed liberally. *Argonaut Insurance Co. v. Safway Steel Products, Inc.*, 355 Ill. App. 3d 1, 7 (2004); see also *Winders v. People*, 2015 IL App (3d) 140798, ¶ 13. The decision to allow or deny intervention based upon the factors set forth in section 2-408(a)(2) will not be overturned on review absent an abuse of discretion. *Ramsey Emergency Services, Inc. v. Illinois Commerce Comm'n*, 367 Ill. App. 3d 351, 365 (2006). An application of

impermissible legal criteria, however, justifies reversal. *Rosen v. Ingersoll-Rand Co.*, 372 Ill. App. 3d 440, 448 (2007).

¶ 23    The precise issue raised by Bailey was recently decided in *Winders v. People*, 2015 IL App (3d) 140798.  The facts in *Winders* are almost identical to those raised by this appeal.  In 2013, Winders applied to the Department for a FOID card, which the Department denied.  *Winders*, 2015 IL App (3d) 140798, ¶ 4.  In November 2013, Winders then petitioned the circuit court for reversal of the Department's decision, alleging he met the requirements of section 10 of the FOID Act.  *Winders*, 2015 IL App (3d) 140798, ¶ 5.  The State's Attorney did not object to Winders' petition.  *Winders*, 2015 IL App (3d) 140798, ¶ 6.  The circuit court, after a hearing, granted Winders' petition and issued a judgment on April 7, 2014, ordering the Department to issue Winders a FOID card.  *Winders*, 2015 IL App (3d) 140798, ¶ 6.  On July 11, 2014, approximately three months after the trial court's entry of the judgment, the Department filed a petition to intervene as of right pursuant to section 2-408(a)(2) of the Code (735 ILCS 5/2-408(a)(2) (West 2012)), as well as a petition pursuant to section 2-1401 of the Code (735 ILCS 5/2-1401 (West 2012)).  *Winders*, 2015 IL App (3d) 140798, ¶ 7.  The Department claimed that Winders had two criminal convictions which, under federal law, prohibited Winders from possessing a firearm.  *Winders*, 2015 IL App (3d) 140798, ¶ 9.  On September 9, 2014, the circuit court held a hearing on the Department's petition.  *Winders*, 2015 IL App (3d) 140798, ¶ 9.  Counsel for the Department argued that the State's Attorney had not adequately represented the Department's interests.  *Winders*, 2015 IL App (3d) 140798, ¶ 9.  The trial court denied the Department's petition to

13

intervene, finding that it had been filed untimely. *Winders*, 2015 IL App (3d) 140798, ¶ 10. The remaining basis for denying the petition was unclear from the record.

¶ 24 The case before us raises the same issues as *Winders*. We have already decided the issue of timeliness and held that the Department's petition to intervene was timely filed. We then consider Bailey's argument that the State's Attorney was the only person who could voice an objection under proceedings brought pursuant to the FOID Act. The court, in the transcript of proceedings, agreed with Bailey. In doing so, the court erred on the mistaken belief that the State's Attorney is the only officeholder who can object to a petition filed pursuant to section 10 of the FOID Act.

¶ 25 While it is true that under the FOID Act, only the State's Attorney is given notice of the proceedings brought to obtain a petitioner's FOID card (430 ILCS 65/10(b) (West 2012)), this does not mean, however, that only the State's Attorney can speak for all branches of government. Bailey's argument suggests that the State's Attorney represents the interests of the Department. Such is not the case. While the interests of the Department of State Police and the office of the State's Attorney may overlap, each agency has distinct responsibilities to the public. This is why we are curious that the legislature has not seen fit to include the Department in the circuit court proceedings, even as a nominal party, or provide the Department with notice of the proceedings. It would be disingenuous to argue that the Department does not have an interest greater than that of the general public. It is the Department that "is tasked with the administration of the FOID card program and must ensure compliance with federal and state law." *Winders*, 2015 IL App (3d) 140798, ¶ 16. Nevertheless, here, as in *Winders*,

14

the circuit court erred by denying the Department's petition to intervene as of right. Again, the record contains no indication that the State's Attorney represented the interests of the Department, given that it did not file an objection to Bailey's petition.

¶ 26   Finally, we have also concluded that the Department had a direct and substantial interest in the proceedings and was bound by the outcome thereof.  More specifically, the court required the Department to issue Bailey a FOID card simply because it believed that the State's Attorney was the sole voice that could object to a petition filed under the Act.  The court's order is devoid of any factual findings that justify the basis for its order. Section 2-408 requires that when its requirements are met, intervention shall be allowed. As described herein, the Department satisfied all of the requirements of section 2-408(a)(2), and the court erred when it denied the Department's petition to intervene as of right.

¶ 27   Before concluding, we take this opportunity to discuss the FOID Act and the ramifications this court has observed as a result of the 2013 amendments.  Members of the criminal justice system have failed to recognize that a trial court can no longer require the issuance of a FOID card, when faced with a conviction involving domestic violence. See 430 ILCS 65/10(b) (West 2012) (the circuit court "shall not" issue an order directing the Department to provide an applicant with a FOID card where the applicant is "otherwise prohibited from obtaining, possessing, or using a firearm under federal law"). It does not matter if a plea is involved or if the crime is a felony or a misdemeanor.  The severity of the crime is irrelevant; rather, it is the nature of the crime that is germane. Further, it is not important whether the criminal conviction is for a misdemeanor that

contains the words "domestic violence." A simple "battery" conviction may suffice for the decision to revoke a FOID card based on the underlying circumstances. See *Odle*, 2015 IL App (5th) 140274. The Department has the obligation to investigate the circumstances of the crime, as it did in *Odle*, and determine whether the criminal actions involved violence of a domestic nature. "The rationale behind this prohibition is that people convicted of crimes based on acts of domestic violence pose a danger to members of their families ***." *Odle*, 2015 IL App (5th) 140274, ¶ 36.

¶ 28 Perhaps our legislature should have considered requiring that the Department be named as a nominal party in a section 10 proceeding involving a request for the issuance of a FOID card. Alternatively, our lawmakers could have required that the Department be given notice of circuit court proceedings pursuant to section 10 of the FOID Act. Regardless of whether any action is taken to address the complexities brought about by the 2013 amendments to the FOID Act, it is now clear that the Act does not allow FOID cards to be issued to individuals who have been convicted of crimes that involve domestic violence.

¶ 29 For the foregoing reasons, the court's order of August 8, 2014, is reversed in its entirety, and the Department's petition to intervene as of right is granted. The Department is granted the same rights as if it was an original party to the proceeding. This matter is remanded to the circuit court with directions that the Department be granted leave to file its motion to vacate *instanter*. On remand, the circuit court shall consider the Department's motion to vacate the August 8, 2014, judgment.

16

¶ 30    Reversed and remanded with directions.

2016 IL App (5th) 140586
NO. 5-14-0586
IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

*In re* RESTORATION OF CIVIL RIGHTS AND ISSUANCE OF A FIREARM OWNER'S IDENTIFICATION CARD TO MARSHALL BAILEY

(Marshall Bailey,

      Petitioner-Appellee,

v.

The Department of State Police,

      Intervenor-Appellant).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Appeal from the
Circuit Court of
Shelby County.




No. 14-MR-31

Honorable
Allen F. Bennett,
Judge, presiding.

---

**Opinion Filed:**     March 3, 2016

---

**Justices:**     Honorable Judy L. Cates, J.

Honorable Thomas M. Welch, J., and
Honorable Richard P. Goldenhersh, J.,
Concur

---

**Attorneys for Appellant**     Lisa Madigan, Attorney General, Carolyn E. Shapiro, Solicitor General, Valerie Quinn, Assistant Attorney General, 100 West Randolph Street, 12th Floor, Chicago, IL 60601

---

**Attorney for Appellee**     Sharee S. Langenstein, The Law Office of Sharee S. Langenstein, 308 North 9th Street, P.O. Box 141, Murphysboro, IL 62966