NOTICE

Decision filed 04/26/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220791-U

NO. 5-22-0791

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

---

| | | |
|---|---|---|
| *In re* ADOPTION OF M.W., a Minor | ) | Appeal from the |
| | ) | Circuit Court of |
| (Stacy Williams Welch, Petitioner-Appellee; | ) | Madison County. |
| Angela Webb, Proposed Intervenor-Appellant; | ) | |
| The Department of Children and Family Services; | ) | No. 22-AD-26 |
| Intervenor-Appellee). | ) | |
| | ) | Honorable |
| | ) | Amy Maher, |
| | ) | Judge, presiding. |

---

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*:    This court lacks jurisdiction over the appeal due to the untimely filing of a motion to reconsider and untimely filing of the notice of appeal. Accordingly, the appeal is dismissed.

¶ 2                                I. BACKGROUND

¶ 3    M.W., the minor child who is the subject of this action, was born in May 2016. When M.W. was discharged from the hospital following his birth, he was taken into the custody and guardianship of the Illinois Department of Children and Family Services (DCFS), pursuant to a juvenile court order entered in St. Clair County case No. 16-JA-96. At that time, M.W. was placed with Stacy Williams Welch (Welch) for foster care, where he has remained.

¶ 4    Angela Webb (Webb), the paternal grandmother of M.W., by and through counsel, filed a motion for leave to intervene in St. Clair County case No. 16-JA-96. A hearing was conducted

1

regarding the motion for leave to intervene, and the motion was denied on May 21, 2019. On June 1, 2021, the St. Clair County circuit court entered an order terminating the parental rights of M.W.'s biological mother and any and all unknown fathers.

¶ 5    On March 14, 2022, Welch filed a petition for adoption of M.W. in the circuit court of Madison County. On June 9, 2022, Welch filed an application for entry of judgment of adoption and a judgment of adoption was entered.

¶ 6    On the same day, an entry of appearance was filed by counsel for Webb as a proposed intervenor in the Madison County adoption matter. The circuit court entered an order on June 9, 2022, that stated, "Entry filed by non-party. Clerk to place entry in file. No further action at this time. The named individual is not a party and shall not be added to the case."

¶ 7    On June 15, 2022, Webb, through counsel, filed a petition for leave to intervene. Additionally, Webb submitted the following proposed pleadings on the same day: (1) proposed counterpetition for adoption, (2) proposed objection to petition for adoption, and (3) proposed motion to vacate and/or reconsider and for rehearing. On July 6, 2022, DCFS entered its appearance in the adoption matter as an intervenor.

¶ 8    The circuit court held a hearing on the petition for leave to intervene on July 8, 2022. On July 18, 2022, the circuit court entered its order denying Webb's petition for leave to intervene as she had "no identifiable legal interest in this case."

¶ 9    On September 26, 2022, 70 days after the court's order denying the petition for leave to intervene, Webb filed a *pro se* motion, which she titled a "Motion to Intervene." As part of the filing, Webb submitted a letter that stated, "I would like to appeal and ask the court to reconsider the decision that was granted to adopt [M.W.] on June 8, 2022, Judgment of Adoption, be vacated

2

and reset this matter for an emergency hearing." The following day, the circuit court entered an order denying the motion seeking reconsideration.

¶ 10   On October 27, 2022, Webb filed an untitled *pro se* pleading that stated, "I'm requesting an opportunity, as well as instructions to appeal your denial of my motion to intervene." The same day, the circuit court entered an order finding:

> "Angela Webb's filing dated 10/27/22 is considered as a notice of intent to appeal the order denying her request to intervene in this matter. The Clerk is to file a notice of appeal on her behalf. The Court cannot provide any additional assistance with this matter."

¶ 11   Based on the notice of appeal filed by the clerk, this court opened an appeal docketed as No. 5-22-0708. On November 9, 2022, this court entered an order that specified deficiencies in the notice of appeal and ordered that Webb was granted 14 days to show cause why the matter should not be stricken for lack of jurisdiction. Webb did not file a response to the show cause order.

¶ 12   On December 6, 2022, this court entered an order that dismissed case No. 5-22-0708 for lack of jurisdiction for the reasons set forth in this court's November 9, 2022, order, and for want of prosecution for failure to file the docketing statement and pay the $50 filing fee pursuant to Illinois Supreme Court Rules 312 (eff. July 1, 2017) and 313 (eff. Jan. 1, 2020).

¶ 13   The following day, Webb filed an untitled *pro se* pleading in the Madison County matter. The pleading stated:

> "Second Appeal to Reconsider denial of my motion to Intervene due to response not being received by 11/23/22 because I did not see the email. Also, the 5th district appellant [*sic*] Court of Illinois never received the docketing statement from Madison County. The circuit clerk said I'd have to appeal back in Madison County. I will [*sic*] like to file a new notice of appeal."

3

As a result of this filing, this court opened the present appeal docketed as No. 5-22-0791.

¶ 14                                    II. ANALYSIS

¶ 15    Our supreme court has held that "[*p*]*ro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001). *Pro se* litigants "are not entitled to more lenient treatment than attorneys." *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16.

¶ 16    Prior to considering the merits of an appeal, "[a] reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Id.* When a notice of appeal is untimely, this court lacks jurisdiction and must dismiss the appeal. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20.

¶ 17    Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) governs the timely filing of a notice of appeal and provides:

> "The notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a *timely* posttrial motion directed against the judgment is filed, whether in a jury or a nonjury case, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order ***." (Emphasis added.)

¶ 18    Section 2-1203 of the Code of Civil Procedure provides that, in nonjury civil cases, a motion to reconsider the judgment may be filed "within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof." 735

4

ILCS 5/2-1203(a) (West 2020). A circuit court "loses jurisdiction over a case and has no authority to vacate or modify a final judgment once 30 days have elapsed, unless a timely postjudgment motion has been filed." *The Habitat Company, LLC v. Peeples*, 2018 IL App (1st) 171420, ¶ 15.

¶ 19 In the present case, Webb filed her first petition to intervene in the Madison County adoption matter on June 15, 2022, after the circuit court had determined the rights of the original parties and issued a final decree on June 9, 2022. "Generally, while a party may not seek to intervene after the rights of the original parties have been determined, and a final decree has been entered, a petition to intervene may be considered timely even after a final judgment has been entered, where it is necessary to protect the interests of the intervenor." *In re Bailey*, 2016 IL App (5th) 140586, ¶ 18.

¶ 20 Given the facts of this case, the circuit court allowed the petition for leave to intervene after the judgment of adoption had been entered. A hearing was conducted on the petition for leave to intervene and the circuit court entered a written order denying the petition for leave to intervene on July 18, 2022. Webb's next pleading was filed on September 26, 2022, more than two months after the petition to intervene was denied. Webb's first notice of appeal was not filed until October 27, 2022.

¶ 21 Generally, "an order denying leave to intervene is not immediately appealable in the absence of a Rule 304(a) finding," as such orders do not dispose of the entire proceeding. *Northern Trust Co. v. Halas*, 257 Ill. App. 3d 565, 574 (1993). In the present action, the petition for leave to intervene was allowed following a final judgment as to all the original parties. As such, in this case, for a notice of appeal or postjudgment motion to have been timely filed, it must have been filed within 30 days of the July 18, 2022, order denying the petition for leave to intervene. Webb

5

waited 70 days before filing her *pro se* motion, which she titled a "Motion to Intervene," but which requested reconsideration of the circuit court's earlier order denying her first motion to intervene.

¶ 22    The circuit court did not have jurisdiction to consider Webb's untimely motion filed on September 26, 2022, as more than 30 days had passed since the circuit court's final order on July 18, 2022. The circuit court's order of September 27, 2022, denying Webb's requested relief was void because of the lack of jurisdiction. See *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27. "A void order is a complete nullity from its inception and has no legal effect." *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶ 103. Webb's notice of appeal filed on October 27, 2022, was not timely as the relevant date to consider timeliness would be from the court's order entered on July 18, 2022, not the void order entered on September 27, 2022. Further, Webb's December 7, 2022, notice of appeal of the July 18, 2022, order was also untimely. As such, this court also lacks jurisdiction over this appeal.

¶ 23    Appeal dismissed.