*In re* APPLICATION OF COUNTY COLLECTOR.—(TERRENCE A. TUCKER, Lake County Collector, Plaintiff-Appellee, *v.* COMMONWEALTH EDISON COMPANY, Defendant-Objector-Appellee—(ZION PARK DISTRICT *et al.*, Intervening Petitioners-Appellants).)

Second District   No. 77-591

Opinion filed April 27, 1979.

Frederic S. Lane and David Jacobson, both of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellants.

Dennis P. Ryan, State's Attorney, of Waukegan (William J. Blumthal and Robert J. Masini, Assistant State's Attorneys, of counsel), for appellee Terrence A. Tucker.

Lonchar & Nordigian, of Waukegan, and Isham, Lincoln & Beale, of Chicago, for appellee Commonwealth Edison Company.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

Commonwealth Edison Company filed a tax objection before the circuit court of Lake County regarding real property taxes for the year 1975, to obtain relief from what it contended was a double assessment of certain personal property located at the company's Zion Nuclear Generating Station; the State's Attorney of Lake County represented the

County Collector in this action. The Zion Park District and various other taxing bodies (hereinafter "Taxing Bodies") filed a petition for leave to intervene as parties plaintiff in the proceeding. The trial court denied the petition for leave to intervene and the Taxing Bodies have appealed, contending that they were entitled to intervention as a matter of right under section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1(1)), on the ground that their interests were not adequately represented by the State's Attorney.

The Zion Library District was not a party to the original petition for leave to intervene but was unaccountably, and without leave of court, included as a party in the Taxing Bodies' notice of appeal and briefs presented to this court. We subsequently granted a motion by the State's Attorney of Lake County striking the Zion Library District from this appeal.

Section 26.1(1) of the Civil Practice Act provides:

"(1) Upon timely application anyone shall be permitted as of right to intervene in an action: (a) when a statute confers an unconditional right to intervene; or (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action; or (c) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody or subject to the control or disposition of the court or an officer thereof." Ill. Rev. Stat. 1975, ch. 110, par. 26.1(1).

Although on appeal the Taxing Bodies argue that their interests were not being adequately represented by the State's Attorney, this assertion was not expressly made in the petition for leave to intervene which was presented to the trial court. The petition did state that counsel for the petitioners had learned that the State's Attorney "may stipulate or has stipulated to certain facts alleged by Edison," and that the Taxing Bodies' revenues "would be directly and adversely affected" in the event of a judgment in Commonwealth Edison's favor. At the time of filing this petition, the Zion Park District was prosecuting an appeal to the Property Tax Appeal Board regarding the 1975 real property assessment for the Zion Station and the petition asserted that this administrative appeal would be "pre-empted" if Commonwealth Edison prevailed in its tax objection and that Zion Park District "may be bound" by any judgment which might be entered in the tax objection proceeding.

■■ While the Taxing Bodies have placed confident reliance upon section 26.1(1) in urging this court to reverse the trial court's order denying leave to intervene, a different subsection of section 26.1 would appear to bar a holding that the court's denial of the petition constituted reversible error. Section 26.1(5) provides that:

"A person desiring to intervene *shall* present a petition setting forth the grounds for intervention, *accompanied by the initial pleading or motion which he proposes to file.* * * *." (Emphasis added.) Ill. Rev. Stat. 1975, ch. 110, par. 26.1(5).

Here, the Taxing Bodies' petition for leave to intervene was not accompanied by any proposed pleading or motion. Although they now dismiss this requirement as "hyper-technical," the language of the statute would appear to be mandatory and the Taxing Bodies have advanced no reason or excuse for their failure to comply with its terms.

■■ Further, it is not clear from the petition filed by the Taxing Bodies just what was wrong with the stipulation which the State's Attorney entered into, allegedly rendering the State's Attorney's representation inadequate to protect the Taxing Bodies' interests. The absence of any initial pleading or motion, which presumably would have contained nonconclusionary allegations expressly setting forth the defects in the stipulation, thus assumes material significance, even apart from the statutory requirement. This omission has left the record lacking any allegation of specific facts which, if true, would demonstrate that the State's Attorney's representation of their interests was inadequate. Yet, the Taxing Bodies' entire argument centers upon their contention of inadequate representation within the meaning of section 26.1(1)(b) of the Illinois Civil Practice Act. Under these circumstances, the failure to allege facts demonstrating inadequate representation by the State's Attorney was fatal to their right to intervene. See *Fiorito v. Jones* (1970), 45 Ill. 2d 15.

The Taxing Bodies, in their reply brief, have informed this court that since they filed their initial brief the Property Tax Appeal Board rendered a *de novo* determination of the Zion Station tax assessment for 1975, and a second petition by the Taxing Bodies for leave to intervene in the tax objection proceeding was denied by the trial court. They assert that this court should therefore hold that the tax objection proceeding herein involved is moot and remand the matter with directions to the trial court to dismiss the tax objection proceeding. However, the only matter before us is the correctness of the order appealed from, and we decline any review of matters which are beyond the scope of the record in this case.

We therefore conclude that the trial court did not err or abuse its discretion when it denied the petition for leave to intervene.

For the foregoing reasons, the judgment of the circuit court of Lake County herein is affirmed.

Judgment affirmed.

GUILD, P. J., and WOODWARD, J., concur.