SOYLAND POWER COOPERATIVE, INC., Plaintiff and Counterdefendant-Appellee, v. ILLINOIS POWER COMPANY, Defendant and Counterplaintiff-Appellee (Lewis Powell *et al.*, Intervenors-Appellants).

Fourth District No. 4—90—0713

Opinion filed May 23, 1991.—Rehearing denied June 20, 1991.

James C. Craven, and Thomas F. Londrigan and Gordon W. Gates, both of Londrigan, Potter & Randle, P.C., both of Springfield, for appellants.

A. James Shafter and James E. Peckert, both of Kehart, Shafter, Hughes & Webber, P.C., of Decatur, and Thomas E. Wack and Peter W. Herzog III, both of Bryan, Cave, McPheters & McRoberts, of St. Louis, Missouri, for appellee Soyland Power Cooperative.

Allan Horwich, Edward J. Finn, and Yvonne E. Mena, all of Schiff, Hardin & Waite, of Chicago, and Edward J. Cunningham, of Brown, Hay & Stephens, of Springfield, for appellee Illinois Power Company.

JUSTICE STEIGMANN delivered the opinion of the court:

In September 1986, this lawsuit began as a double derivative action by members of 22 electric distribution cooperatives (Powell) against Illinois Power, resulting from the failure or delay of Western Illinois Power Cooperative, Inc. (WIPCO) (a generation cooperative), and Soyland Power Cooperative, Inc. (Soyland) (a transmission cooperative), to sue Illinois Power for alleged wrongdoing in its construction of the nuclear power plant near Clinton, Illinois. The electric distribution cooperatives were, at one time, members of WIPCO and Soyland. During the pendency of this litigation, WIPCO and Soyland merged into one entity—Soyland.

In April 1988, pursuant to a motion filed by Soyland, the derivative claims initiated by Powell were ordered dismissed with prejudice and Soyland was realigned as plaintiff. (Powell's class action count against Illinois Power, however, remained intact and was severed from the derivative action.) Powell appealed those orders, and in 1989, this court affirmed; subsequently, both the Illinois Supreme Court and the United States Supreme Court denied Powell's further appeals of those orders. See *Powell v. Western Illinois Electric Cooperative* (1989), 180 Ill. App. 3d 581, 586-87, 536 N.E.2d 231, 233-34, *appeal denied* (1989), 127 Ill. 2d 640, 545 N.E.2d 129, *cert. denied* (1990), 493 U.S. 1079, 107 L. Ed. 2d 1038, 110 S. Ct. 1132.

On April 18, 1990, after two years of extensive pretrial litigation and maneuvering, Soyland and Illinois Power entered into a preliminary settlement agreement. On April 23, 1990, Powell filed a petition to intervene and to compel disclosure of the settlement terms. Shortly thereafter, Powell withdrew his petition and asked the trial court for leave to file an amended petition. Powell's request was granted and, on June 15, 1990, Powell filed a petition to intervene as a matter of right, pursuant to section 2—408(a)(2) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(a)(2)). Four weeks later, on July 19, 1990, Powell filed a petition to disclose the terms of the settlement.

On September 12, 1990, the trial court entered two separate orders. First, the court denied Powell's two petitions, and second, the court granted Illinois Power and Soyland's motion to dismiss their pending action. Powell appeals, arguing that his petition to intervene as a matter of right should have been granted and that the court should have ordered a hearing on Illinois Power and Soyland's settlement agreement to determine whether the terms of that agreement should be disclosed to the public. We affirm.

■ The right to intervene is not unqualified. In determining whether to grant a petition to intervene as of right, a trial court must consider whether the petition to intervene is timely, whether the petitioner's interest is sufficient, and whether that interest is being adequately represented by someone else in the lawsuit. (*City of Chicago v. John Hancock Mutual Life Insurance Co.* (1984), 127 Ill. App. 3d 140, 144, 468 N.E.2d 428, 431.) In addition, all of the provisions of the intervention statute must be met. (*Kendrick v. Standard Oil Co.* (1967), 81 Ill. App. 2d 176, 185, 225 N.E.2d 437, 442.) Absent a clear abuse of discretion, the trial court's judgment in these matters will not be reversed on appeal. *Waters v. City of Chicago* (1981), 95 Ill. App. 3d 919, 923, 420 N.E.2d 599, 602.

In denying Powell's petition to intervene as a matter of right, the trial court stated the following:

> "Two years ago this court decided that this was a lawsuit that included Illinois Power and Soyland. They've been litigating for a couple of years.
>
> The court held at that time that Mr. Powell, et al. was not a proper party to do that, because it was a corporate matter.
>
> That did go the Appellate Court, and the Appellate Court agreed with this court.
>
> There was another case against the stockholders that I didn't hear that went to the Appellate Court, and the Appellate Court decided that against Mr. Powell too.
>
> I don't think that Mr. Powell is [*sic*] a shareholder or stockholder, whatever you want to call him—a shareholder I guess it is—has any right in this court to be a party to this matter, and if the two litigants decide to settle this case the court's not going to approve the settlement because the court has not been advised as to what the settlement is. But if they want to dismiss their lawsuit they have a right to do so, and the court will allow them to do it.
>
> If it turns out that the settlement made by Soyland and the directors of Soyland is fraudulent and a fraud on this court, I think there is a vehicle which Powell, et al. could come in and have that agreement set aside as a fraud.
>
> But that's a different—a different lawsuit and a different time.
>
> The court's going to deny your motion to intervene \*\*\*."

■ We find Powell's interest in the outcome of this litigation speculative and thus insufficient to intervene as a matter of right. While a party need not have a direct interest in the pending suit in

order to intervene, the intervenor must stand to gain or lose by the direct legal operation and effect of a judgment in the suit. (*First National Bank v. Clay-Hensley Comm'n Co.* (1988), 170 Ill. App. 3d 898, 906, 525 N.E.2d 217, 222-23.) If a party's interest is speculative or hypothetical, this does not constitute an interest sufficient to warrant intervention. *Clay-Hensley*, 170 Ill. App. 3d at 906, 525 N.E.2d at 223.

■ On the record before us, Powell asserts no clear interest in the outcome of this litigation. Powell even admits in his reply brief that in his petition to intervene he asserts no tangible prayer for relief, "merely request[ing] the court to review the terms of the settlement in light of the history of this case and in light of the interest and claims of the ratepayers-members. Nowhere [does Powell] request that control of the suit be transferred to [him] or taken away from Soyland management." We deem this "interest" Powell claims in the instant cause to be speculative and insufficient to warrant intervention.

We also find that Powell failed to comply with the plain language of the intervention statute (section 2—408 of the Code) because he failed to file with his petition to intervene an initial pleading or motion which he proposed to file once his petition to intervene was granted. In relevant part, section 2—408(e) of the Code states the following:

> "(e) A person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he or she proposes to file." (Ill. Rev. Stat. 1989, ch. 110, par. 2—408(e).)

Illinois Power, at the hearing on Powell's petition to intervene, objected to this deficiency as follows:

> "There is another statute, Section 2—408(e), part of the same statute, which says that a person desiring to intervene has to present a petition setting forth the grounds for intervening accompanied by a pleading which he or she proposes to file.
>
> That requirement for a pleading has not been fulfilled here, either with their original motion to intervene or with a later one. It's a direct violation of the rule. It's—the purpose of the rule is obvious.
>
> We can't—we're entitled to know what their claims are before an intervention decision is made.
>
> But you can't tell from this record, and indeed Mr. Craven, I think, indicated this morning that he doesn't really know what he wants. He doesn't know whether they want to take

over this case again or whether they want an injunction to prohibit this settlement or whether they want an injunction against any settlement, or there is no request for relief, and the rule has not been complied with."

We agree. Had Powell requested an extension of time within which to file his accompanying initial pleading or motion, the decision to grant or deny that particular request would have been within the discretion of the trial court. However, no such motion or request was ever made. Thus, Powell failed to meet the requirements of the intervention statute.

The purpose of section 2—408(e) of the Code is to give both the trial court and any opposing party a clear indication of the relief the potential intervenor will be seeking if his petition to intervene is granted. This purpose is achieved by the requirement that the potential intervenor's initial pleading he proposes to file be attached to the petition to intervene. Only when the goals of the potential intervenor are revealed in this fashion can the trial court and any opposing party assess the appropriateness of the petition to intervene. Indeed, the very case before us, with the confusion we have already cited as to the goals of the potential intervenors, demonstrates the wisdom of the policy underlying the requirement of section 2—408(e) of the Code that the intervenor's proposed initial pleading be attached to the petition to intervene.

For the foregoing reasons, the trial court's denial of Powell's petition for leave to intervene as a matter of right is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.