# Illinois Official Reports

## Appellate Court

---

### *Flood v. Richey*, 2016 IL App (4th) 150594

---

| | |
|---|---|
| Appellate Court Caption | MATTHEW V. FLOOD, Plaintiff-Appellee, v. JEREMY RICHEY, Moultrie County State's Attorney, Defendant-Appellee (The Department of State Police, Intervenor-Appellant). |
| District & No. | Fourth District<br>Docket No. 4-15-0594 |
| Filed | September 22, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Moultrie County, No. 14-MR-18; the Hon. Dan L. Flannell, Judge, presiding. |
| Judgment | Reversed; cause remanded with directions. |
| Counsel on Appeal | Lisa Madigan, Attorney General, of Chicago (Carolyn E. Shapiro, Solicitor General, and Christopher M.R. Turner (argued), Assistant Attorney General, of counsel), for appellant.<br><br>Bradford A. Rau and Douglas K. Smothers (argued), both of Rau, Elder & Associates, of Sullivan, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion.<br>Justices Steigmann and Appleton concurred in the judgment and opinion. |

**OPINION**

¶ 1    The Illinois Department of State Police (Department) appeals the circuit court's orders denying its petition to intervene as of right and striking its motion to vacate the court's March 2015 order directing the Department to issue plaintiff, Matthew V. Flood, a firearm owner's identification (FOID) card. We reverse and remand with directions.

¶ 2                      I. BACKGROUND

¶ 3    On October 31, 2014, Flood filed a petition in the circuit court of Moultrie County pursuant to section 10 of the Firearm Owners Identification Card Act (FOID Act) (430 ILCS 65/10 (West 2012)) seeking an order directing the Department to issue him a FOID card. Flood alleged that, on or about August 5, 2014, the Department denied his application for reinstatement of his FOID card on the ground that his 1999 conviction for battery qualified as a crime of domestic violence as defined by the federal Gun Control Act of 1968 (18 U.S.C. § 921(a)(33)(A) (2012)), making it unlawful for him to possess a firearm under federal law. According to Flood's petition, his battery conviction resulted from an incident that "involved the spanking and leaving a mark on the buttocks of *** a minor child of his then girlfriend." Although originally charged with domestic battery, he later pleaded guilty to an amended charge of simple battery. Flood further asserted in his petition that section 10(c) of the FOID Act permitted the circuit court to grant him a FOID card because (1) he had not been convicted of a forcible felony, (2) the circumstances regarding his battery conviction indicate he was not likely to act in a manner dangerous to public safety, and (3) granting relief would not be contrary to the public interest.

¶ 4    On March 2, 2015, the circuit court conducted a hearing on Flood's petition at which the Moultrie County State's Attorney, Flood, and Flood's attorney were present. The Department was neither named as a party respondent nor given notice of the hearing, and thus, it did not appear at the hearing. The court's docket entry for March 2, 2015, notes, "No objections on file. None made in open court. Petition allowed." On March 10, 2015, the court entered a written order directing the Department to issue Flood a FOID card. In its order, the court found "the State's Attorney of Moultrie County deferred to the discretion of the [c]ourt and stipulated to the [p]etition on file and Flood's [e]xhibits." The court further found (1) Flood had never been convicted of a forcible felony, (2) he was not likely to act in a manner dangerous to public safety, and (3) ordering the Department to issue Flood a FOID card would not be contrary to the public interest.

¶ 5    On April 9, 2015, the Department filed (1) a petition to intervene as of right pursuant to section 2-408 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-408 (West 2014)) and (2) a motion to vacate the circuit court's March 2015 order pursuant to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2014)). In its petition to intervene, the Department asserted that intervention was appropriate because it was bound by the circuit court's March 2015 order following proceedings in which its interests were not adequately represented. Specifically, the Department contended that due to the State's Attorney's failure to object to Flood's petition, the court had not considered the Department's legal argument that the court lacked authority to grant Flood relief due to a federal firearm disability. In its contemporaneously filed motion to vacate the court's March 2015 order, the Department

maintained that the court lacked the authority to grant Flood's petition for relief because his prior battery conviction prohibited him from possessing a firearm under federal law.

¶ 6 On April 21, 2015, Flood filed a motion to strike the Department's petition to intervene and a response to the Department's motion to vacate the circuit court's March 2015 order. In his motion to strike, Flood asserted that the State's Attorney adequately represented the Department's interests and that the Department's interests were insufficient to permit intervention because its "enforcement of the FOID Act is rote and ministerial: it either grants or denies applications with minimal exercise of discretion." In his response to the motion to vacate the March 2015 order, Flood asserted that if the Department were permitted to intervene, the court should nonetheless deny the motion to vacate because he did not commit a misdemeanor offense of domestic violence and, therefore, was not prohibited from possessing a firearm under federal law. In particular, Flood asserted he was not the victim's parent or guardian, nor was he similarly situated to a parent or guardian.

¶ 7 On June 11, 2015, the circuit court conducted a hearing on the Department's petition to intervene and motion to vacate the court's March 2015 order. Regarding the petition to intervene, Flood argued the Department's right to intervene was discretionary rather than as of right, that the Department failed to establish that the State's Attorney did not adequately protect its interests, and that the court's March 2015 order directing it to issue Flood a FOID card was "a pretty ministerial act." In contrast, the Department argued its right to intervene was "as of right" because it was bound by the court's March 2015 order and its interests had not been adequately represented by the State's Attorney, who had simply deferred to the court's discretion.

¶ 8 The circuit court then heard argument on the Department's motion to vacate the March 2015 order. The Department argued that the court was precluded from issuing an order granting Flood's requested relief because Flood's battery conviction qualified as a misdemeanor domestic violence offense under federal law and prohibited him from owning a firearm. The Department maintained that at the very least, it "ha[d] presented [a] sufficient basis under which the [c]ourt should conduct an evidentiary analysis and legal analysis as to whether this statute would apply and whether [Flood] is prohibited under federal law [from possessing a firearm]." Accordingly, the Department requested that the court vacate its March 2015 order and, thereafter, hear argument on whether Flood's relationship with the victim of his battery conviction qualified as a domestic relationship such that Flood would be prohibited from firearm ownership under federal law.

¶ 9 In a written order dated June 24, 2015, the circuit court denied the Department's petition to intervene. The court found, "[a]lthough the Moultrie County State's Attorney did not present argument or evidence against [Flood's] request for an order directing issuance of a FOID card, the Court cannot find that the *** State's Attorney failed to adequately represent the interest of the [Department]." The court further found the Department "failed to show how representation by the *** State's Attorney, rather than by the [Department], would be inadequate or unrepresentative of its interests." Finally, the court struck as moot the Department's motion to vacate the March 2015 order directing the Department to issue Flood a FOID card.

¶ 10 This appeal followed.

## II. ANALYSIS

¶ 12 On appeal, the Department argues (1) the circuit court abused its discretion by denying its petition to intervene as of right; (2) alternatively, it had nonparty standing to move to vacate the March 2015 order; and (3) in any event, the circuit court's order striking its motion to vacate the March 2015 order as moot was error. The Department further contends that this court should vacate the March 2015 order because the circuit court failed to find that granting Flood's requested relief would not be contrary to federal law and the Department demonstrated Flood's prior battery conviction qualified as a misdemeanor crime of domestic violence under federal law, which would preclude him from possessing a firearm.

### A. Intervention as of Right

¶ 14 On appeal, the Department first asserts it should have been allowed to intervene as a matter of right because it had a substantial interest in the proceedings, in which it was not adequately represented by the State's Attorney, and it is bound by the circuit court's order requiring it to issue Flood a FOID card.

¶ 15 With respect to intervention as of right, the Code provides, in relevant part, as follows: "Upon timely application anyone shall be permitted as of right to intervene in an action *** when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." 735 ILCS 5/2-408(a)(2) (West 2014). The circuit court's discretion in determining whether a party should be allowed to intervene as of right is limited to a consideration of "whether the petition to intervene is timely, whether the petitioner's interest is sufficient, and whether that interest is being adequately represented by someone else in the lawsuit." *Soyland Power Cooperative, Inc. v. Illinois Power Co.*, 213 Ill. App. 3d 916, 918, 572 N.E.2d 462, 464 (1991). "[If those] threshold requirements have been met, the plain meaning of the statute directs that the petition be granted." *City of Chicago v. John Hancock Mutual Life Insurance Co.*, 127 Ill. App. 3d 140, 144, 468 N.E.2d 428, 431 (1984). "The decision to allow or deny intervention, whether permissively or as of right, is a matter of sound judicial discretion that will not be reversed absent an abuse of that discretion." *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 58, 779 N.E.2d 875, 888 (2002).

¶ 16 First, we note that Flood concedes the timeliness of the Department's petition to intervene. Based on our review of the record, we agree the petition was timely filed. The record shows the Department was first notified of the circuit court's order directing it to issue Flood a FOID card on March 16, 2015, and it filed its petition on April 9, 2015.

¶ 17 Second, Flood concedes that the Department is bound by the circuit court's March 2015 order. The court's order binds the Department by requiring it to issue Flood a FOID card, and thus, we find the Department has a sufficient interest in the matter.

¶ 18 We now consider whether the Moultrie County State's Attorney adequately represented the Department's interest. The Department argues its "legal position [is] directly contrary to the position taken by [Flood] and the local State's Attorney." Specifically, the Department contends, if permitted to intervene, it would demonstrate that Flood's battery conviction qualifies as a misdemeanor crime of domestic violence that prohibits him from possessing a firearm under federal law and consequently would make him ineligible for a FOID card.

¶ 19    Here, the record shows that the State's Attorney did not object to Flood's petition and instead "deferred to the discretion of the [circuit] [c]ourt and stipulated to the [p]etition on file." Recently, the Third District considered a similar situation in *Winders v. People*, 2015 IL App (3d) 140798, 45 N.E.3d 289. In that case, Winders sought relief from the Department's denial of his FOID card application based on a prior battery conviction involving his then-paramour and household member. *Id.* ¶ 3. The State did not object to Winders's petition for relief, and the circuit court granted the petition and ordered the Department to issue Winders a FOID card. *Id.* ¶ 6. Thereafter, the Department filed a petition to intervene as of right, asserting that Winders's prior battery conviction prevented him from possessing a firearm and, as a result, prevented him from obtaining relief under section 10(c) of the FOID Act. *Id.* ¶ 7. Following a hearing, the court denied the Department's petition to intervene, and the Department appealed. *Id.* ¶ 10. On review, the appellate court noted that the record failed to demonstrate that the State's Attorney's office represented the Department's rights and, "[i]n fact, the State's Attorney's office took a position opposite to the Department in that it did not object to Winders'[s] petition for relief." *Id.* ¶ 16. The court concluded that the Department established the representation of the State's Attorney's office was inadequate and, thus, the Department should have been allowed to intervene. *Id.*

¶ 20    We agree with the court's analysis in *Winders* and find the State's Attorney's acquiescence to Flood's petition here was inadequate representation relative to the Department's interests. Section 10(c) of the FOID Act allows a person who is prohibited from acquiring a FOID card to obtain relief from the prohibition if he can establish that (1) the State's Attorney has been served with notice and afforded an opportunity to present evidence and object to the petition, (2) he has not been convicted of a forcible felony within the past 20 years, (3) he is unlikely to act in a manner dangerous to public safety, (4) granting relief would not be contrary to the public interest, and (5) granting relief would not be contrary to federal law. 430 ILCS 65/10(c) (West 2014). In his petition, Flood failed to allege that granting relief "would not be contrary to federal law." *Id.* Thus, Flood's petition, brought pursuant to section 10(c), was deficient. The State's Attorney's stipulation to the petition establishes that its representation in the matter was inadequate relative to the Department, which "is tasked with the administration of the FOID card program and must ensure compliance with federal and state law." *Winders*, 2015 IL App (3d) 140798, ¶ 16, 45 N.E.3d 289. Accordingly, we find the State's Attorney did not adequately represent the Department's interests in this matter.

¶ 21    Based on the above, we find the Department's petition to intervene was timely, and it demonstrated both a sufficient interest in the matter and an inadequacy of existing parties to represent that interest. Accordingly, the circuit court erred in denying the Department's petition to intervene as of right.

¶ 22                                    B. Nonparty Standing

¶ 23    The Department alternatively contends that it has nonparty standing to move to vacate the circuit court's March 2015 order and to appeal the court's order striking its motion to vacate the March 2015 order. Because we find the Department should be permitted to intervene in this matter as of right, we decline to address whether it also has nonparty standing in this case.

¶ 24                   C. The Department's Motion To Vacate the March 2015 Order

¶ 25     Next, the Department contends the circuit court erred by striking its section 2-1203 motion to vacate the March 2015 order. It argues the court's order striking its motion to vacate was erroneous as a matter of law because it was based solely on its improper denial of the Department's petition to intervene. The Department further asserts this court should consider its motion to vacate on its merits and order the March 2015 order vacated because (1) the order failed to find that granting Flood's requested relief would not be contrary to federal law and (2) it demonstrated Flood's prior battery conviction qualified as a misdemeanor crime of domestic violence that prohibits him from possessing a firearm.

¶ 26     We agree with the Department that because the circuit court erred in denying the Department's petition to intervene, its subsequent striking as moot the Department's motion to vacate the March 2015 order was also error. However, given that the circuit court did not reach the merits of the motion to vacate its March 2015 order, we decline to do so here.

¶ 27                                 III. CONCLUSION

¶ 28     For the reasons stated, we reverse the circuit court's denial of the Department's petition to intervene, reverse its order striking as moot the Department's motion to vacate the March 2015 order, and remand to the circuit court with directions that the Department be allowed to intervene in the matter and for a hearing on the Department's motion to vacate the circuit court's March 2015 order directing it to issue Flood a FOID card.

¶ 29     Reversed; cause remanded with directions.