2021 IL App (1st) 200341-U

THIRD DIVISION
May 19, 2021

No. 1-20-0341

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| NAVEED BARI, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| ASSOCIATION OF PHYSICIANS OF PAKISTANI - | ) | |
| DESCENT OF NORTH AMERICA, | ) | |
| | ) | No. 18 CH 12903 |
| Defendant-Appellee, | ) | |
| | ) | |
| (DR. MANZOOR TARIQ and DR. QAZI KAMAL | ) | |
| HAIDER, | ) | Honorable |
| | ) | Michael T. Mullin |
| Intervenors-Appellants). | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Burke concurred in the judgment.

**ORDER**

¶ 1 *Held:* Finding no abuse of discretion in the denial of Intervenors' petition to intervene where Intervenors failed to comply with the statutory requirement that the petition be accompanied by the initial pleading or motion which the intervenor proposes to file.

¶ 2 In October 2018, Dr. Naveed Bari filed a complaint against the Association of Physicians

of Pakistani-Descent of North America (APPNA), in which Dr. Bari challenged the validity of the

October 2018 amendments to APPNA's Constitution and Bylaws (2018 Amendments). Approximately 15 months later, Drs. Manzoor Tariq and Qazi Kamal Haider (Intervenors), sought leave to intervene as of right pursuant to 735 ILCS 5/2-408(a) (West 2016), arguing that, in light of a forthcoming settlement between the parties, they should be allowed to intervene to defend the 2018 Amendments. Before the hearing on the petition to intervene, Dr. Bari and APPNA entered into a settlement agreement pursuant to which the 2018 Amendments were deemed ineffective. At the subsequent hearing, Intervenors' petition for leave to intervene was denied, and thereafter, the court entered the consent judgment requested by the parties.

¶ 3    In this appeal, Intervenors contend that the trial court abused its discretion in denying intervention, and they request that this court reverse the order denying them leave to intervene, vacate the consent judgment, and allow them to defend the 2018 Amendments.

¶ 4    APPNA is an Illinois not-for-profit corporation, comprised of approximately 3,000-member physicians of Pakistani descent. In October 2018, APPNA held a vote of its membership to amend its Constitution and Bylaws. Among other things, the 2018 Amendments increased the number of Board of Trustee members from five to eleven.

¶ 5    On October 16, 2018, as a member of APPNA, Dr. Bari filed a "Verified Complaint for Declaratory and Injunctive Relief." In that complaint, Dr. Bari challenged the validity of the procedure by which APPNA members voted to approve the 2018 Amendments, and sought a declaratory judgment that APPNA failed to comply with its Constitution and Bylaws, and that the 2018 Amendments were void.

¶ 6    Throughout the ensuing approximately 15-month proceedings, the parties filed various motions and pleadings, including a motion for summary judgment filed by Dr. Bari on June 25, 2019, and APPNA's verified answer and affirmative defenses filed on July 1, 2019.

¶ 7    During the course of the proceedings, however, Dr. Bari and APPNA were engaging in settlement efforts. On December 2, 2019, APPNA filed a motion to extend the time to file a response to plaintiff's motion for summary judgment. APPNA requested an extension "in view of earnest renewed settlement efforts between the parties." APPNA stated that it was "confident" that those efforts would "lead to settlement terms being reached by the parties by mid-January 2020." APPNA further stated that it had "strong reason to believe" that the terms of settlement would "be acceptable to" Dr. Bari. On December 11, 2019, the trial court entered an order setting the case for status of settlement on January 15, 2020.

¶ 8    Thereafter, on December 31, 2019, Intervenors filed a petition to intervene.[1] Intervenors were new APPNA Board of Trustee members, whose positions had been created by the 2018 Amendments, with terms beginning January 1, 2019. Intervenors sought leave to intervene pursuant to 735 ILCS 5/2-408(a)(2) (West 2018), which allows intervention as of right "when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." Intervenors stated that it had "come to the[ir] attention" that the parties had "engaged in settlement discussion[s]" pursuant to which APPNA would withdraw its opposition to Dr. Bari's challenge the 2018 Amendments. Intervenors contended that the proposed settlement would result in the removal of them from their positions as members of the Board of Trustees. Intervenors stated that the "election of new officers and governing board members in October 2019 has resulted in the change in the defense position of APPNA in regard to the challenge to the 2018 Bylaw Amendments." Intervenors further stated:

---

[1] The petition for leave to intervene was also joined by a third individual, Dr. Dawood Nasir, who is not a party to this appeal.

"It is believed that the current defendant, APPNA, will inadequately represent the interests of the Petitioners in defending the Bylaws adopted in 2018 as reflected in the proposed settlement agreement and consent judgment, and therefore, intervention is required to allow a full and complete defense[ ] of the 2018 Bylaw amendments and the other allegations set forth in the Bari complaint."

¶ 9     Intervenors did not attach a proposed initial pleading, instead stating that they would "adopt the initial responsive pleading of APPNA and then defend the allegations set forth" therein.

¶ 10    On January 10, 2020, Dr. Bari and APPNA filed a joint motion for entry of a consent judgment. The parties informed the court that they had "agreed to settle and finally resolve the above-captioned litigation, including but not limited to any claim for attorney fees or costs incurred relating to the litigation." The parties "agreed to [the] entry of a Consent Judgment," which the parties attached as an exhibit. That consent judgment provided, in total, the following:

"Pursuant to settlement terms and stipulation of Plaintiff Dr. Naveed Bari and Defendant Association of Physicians of Pakistani-Descent of North America ('APPNA') (together, the 'Parties'), and without any admission by APPNA of fault or of the allegations in the Verified Complaint for Declaratory and Injunctive Relief filed in this case, the Parties hereby consent to entry of Judgment as provided below:

IT IS HEREBY ORDERED that Judgment is entered in this action as follows:

1. The Court declares that the 2018 Amendments to the APPNA Bylaws are deemed to be ineffective from inception and going forward from the date of this Judgment,

and the APPNA Constitution and Bylaws, as amended in 2014, remain in effect and will govern APPNA unless or until further amended.

2. Each of the Parties shall bear their own costs and attorneys' fees in this action.

3. Each of the parties waives any rights that they have to appeal from this Order or seek to modify it."

¶ 11   On January 15, 2020, the court held a hearing on the petition to intervene and the parties' joint motion for entry of a consent judgment. Counsel for Dr. Bari initially informed the court that both parties had signed a settlement agreement, and that the agreement was "approved by the majority of the board of directors of APPNA." Turning to the petition to intervene, the court asked whether there was an objection to Intervenors' petition, and both parties indicated that they were objecting. The trial court observed that the petition was "fairly conclusory" and that it was "not supported by any affidavit." The court then questioned counsel for Intervenors how the petition was timely.

¶ 12   Counsel responded that Intervenors had only recently become aware "that there were discussions potentially leading to a settlement that would affect [Intervenors'] positions as members of the board of trustee[s]" and that the petition was timely "given that the events that prompted this happened within the prior month or two."

¶ 13   The court expressed its concern that the "unverified petition" appeared to be "simply requesting an opportunity to defend the case on behalf of APPNA as opposed to coming in as individual parties." The court also questioned Intervenors' "conclusory" assertions "that APPNA is inadequately represented," when the court's observations were that the case had been "vigorously" and "zealously defended by counsel for APPNA in all respects," and that APPNA "has been very well represented in all respects during this litigation."

¶ 14 Counsel for Intervenors stated that it was only after APPNA's fall 2019 elections that its "vigorous defense has turned into a concession that those amendments are invalid and void *** as reflected in the proposed entry of the consent judgment *** [which] returns the organization to the governance documents that predated those amendments." Accordingly, Intervenors "wish[ed] to step in and to continue with what had been a vigorous defense of those 2018 amendments."

¶ 15 Counsel for APPNA argued that, in addition to issues regarding "timeliness and lack of affidavit," the petition was "facially defective for a number of other reasons." Counsel argued that Intervenors lacked standing to represent the interests of APPNA, which had exercised its discretionary business judgment in agreeing to settle—"[T]he petitioners are saying that they wish to, you know, protect the Association, but it's really with a very myopic view of their own interest" as opposed to "the overall welfare of the Association" which was being represented by APPNA's executive committee. Counsel for APPNA further explained:

> "The Association has no obligation and no basis to represent the individual interests of the petitioners, nor do the individual petitioners have basis [or] standing to assert the interests of the Association. The interests of the Association are captured, embodied and implemented in this settlement agreement for purposes well beyond the individual interests of [Intervenors] who were elected under these 2018 amendments."

¶ 16 Counsel for APPNA also observed that Intervenors had not attached any proposed pleading, in violation of the intervention statute, which expressly required a petition to intervene be "accompanied by the initial pleading or motion which he or she proposes to file." 735 ILCS 5/2-408(e) (West 2018). When asked whether Intervenors' assertion that they wished to adopt APPNA's answer could suffice, counsel explained that the assertion exposed the "flaw" in its

6

proposed intervention—"The petitioners in their own individual interests cannot adopt the Association's pleading. *** The Association's pleading doesn't assert the petitioners' stated individual interests and harm on which they base this petition."

¶ 17    Counsel for Dr. Bari agreed with the arguments of counsel for APPNA, further "point[ing] out that [the parties] now have a signed settlement agreement. So the intervenors are seeking to intervene into a case that's effectively moot. There is no remaining case or controversy between Dr. Bari and the Association."

¶ 18    In ruling on the petition to intervene, the court found that the petition to intervene was "unverified, and the contents of it are conclusory in nature." The court denied Intervenors' oral request to amend the petition to verify its contents, stating that regardless of it being unverified, the petition was not timely. The court noted that it had "been the judge on this matter since day one. It's now into its second year. It has been vigorously litigated in all respects. [Intervenors] are essentially seeking to substitute in and take up the defense that has been offered or been conducted by the defendant organization; in other words, they simply disagree with the path that the defendant has taken recently. They had every right to *** seek to intervene at a prior date. In fact, during the last two years they certainly had every opportunity to seek to intervene, and they failed to do so. I am specifically concluding that this petition to intervene is untimely."

¶ 19    The court also concluded that Intervenors' "interest is indirect in nature, the loss of which is speculative and hypothetical in nature. I recognize that they are members of the organization. I am taking them at their word because there is no verification of their status, and that certainly has not been contested by either the current plaintiff or current defendant. But the nature of any potential harm or injury is just that, it is conclusory, it is speculative, it is hypothetical, and it

7

certainly doesn't establish that they have a right that would allow this court to conclude that this petition should be granted."

¶ 20     Additionally, the court "specifically conclude[ed] that APPNA's interests have been more than adequately represented during the course of this litigation, and that's what we're talking about. It's this litigation as a whole, not as to a part of it. It certainly is in the interests of all parties to reach agreements, and it is certainly appropriate to consider the proposed consent judgment that has been offered."

¶ 21     In sum, the court denied the petition to intervene, finding that Intervenors "failed to establish any basis under [735 ILCS 5/2-408(a)(2) (West 2018)] that would allow [the court] to conclude that they have a right that will be impacted by the proposed resolution."

¶ 22     The court then considered the parties' joint motion for entry of a consent judgment. The parties indicated that the consent judgment "incorporate[d] the essential terms of the settlement agreement."  Counsel for APPNA specifically explained that APPNA's executive committee members had "deliberated and *** resolved to approach this ongoing problem that has been very detrimental to the Association."

¶ 23     The court indicated that it had "reviewed the proposed consent judgment as drafted by the parties prior to our court hearing," and agreed to "enter[] the consent judgment consistent with the terms of the resolution of this matter." Accordingly, the case was dismissed pursuant to the consent judgment.

¶ 24     On February 14, 2020, Intervenors filed a notice of appeal from the January 15, 2020 orders.

¶ 25     On February 28, 2020, Intervenors filed a motion for a stay pending appeal in the trial court, requesting that the court stay enforcement of the consent judgment pending appellate review.

8

On March 9, 2020, the court entered a written order denying the motion for a stay "for the reasons stated on the record." No transcript from that hearing appears in the record on appeal. On March 27, 2020, Intervenors also filed a motion to stay enforcement in this court, which was denied on April 14, 2020.

¶ 26    In this appeal, Intervenors argue that the trial court abused its discretion in denying intervention, and they request that this court reverse the order denying them leave to intervene, vacate the consent judgment, and allow them to defend the 2018 Amendments. In APPNA's response brief, also adopted by Dr. Bari, it argues that the trial court properly denied Intervenors' petition to intervene because it violated the mandatory requirement of an accompanying proposed pleading, it was speculative and hypothetical in nature, and it was untimely. APPNA and Dr. Bari also contend that the petition was moot based on their agreement to settle.

¶ 27    As a threshold matter, this court will first address whether this case is moot, because mootness presents a question of jurisdiction. *Patel v. Illinois State Medical Society*, 298 Ill. App. 3d 356, 364 (1998). APPNA and Dr. Bari specifically assert that prior to hearing Intervenors' petition, they had "entered into a binding and enforceable settlement agreement that eliminated the controversy between them that had been the subject matter of this action." Because the parties had reached a settlement, there "no longer existed a justiciable controversy in which Intervenors could participate." Although Dr. Bari and APPNA raise mootness as a reason justifying the trial court's denial of Intervenors' petition to intervene, neither party addresses the issue of mootness as it relates to this court's jurisdiction. Nonetheless, an appellate court has an independent duty to consider whether it has jurisdiction to hear an appeal. *Daewoo International v. Monteiro,* 2014 IL App (1st) 140573, ¶ 72 ("An appellate court has a duty to consider its own jurisdiction, whether or not the parties have raised it as an issue."). "The existence of an actual controversy is an essential

requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *Id.*, *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004).

¶ 28     In this case, Dr. Bari and APPNA claim that intervenors petition was moot because they had "entered into a binding and enforceable settlement agreement," and that there no longer existed a controversy for which intervention could be allowed. Intervenors, however, claim that the controversy "remained in existence until final judgment was entered since the trial court could have rejected the proposed settlement."

¶ 29     This court has found no case to support the contention that a petition to intervene is mooted by the original parties' settlement agreement, particularly in cases where the final judgment has not yet been entered. To the contrary, our courts have recognized that intervention may be allowed, even after final judgment, where the intervenors' rights were not prejudiced until that time. *Wheeling Trust and Savings Bank v. Village of Mount Prospect*, 29 Ill. App. 3d 539, 541 (1975); see also *Standard Bank & Tr. Co. v. Vill. of Oak Lawn*, 61 Ill. App. 3d 174, 178 (1978) (finding that the intervenors should have been permitted to intervene, even after a judgment, where it was only after the Village forfeited its right to appeal the judgment that the intervenors' rights were jeopardized); *Freesen, Inc. v. County of McLean*, 277 Ill. App. 3d 68, 73 (1995) (reversing the denial of a petition to intervene where the intervenor "had no reason to expect that his interests did not coincide with those of the Village or that it would not represent them adequately," until he learned from the media that the parties were settling a dispute to which the intervenor objected.).

¶ 30     In *Wheeling Trust and Savings Bank*, 29 Ill. App. 3d at 540, a bank brought suit to have a village zoning ordinance declared unconstitutional as applied to the bank's property, so that the bank could construct a six-story building. After learning that the village had agreed to settle the

dispute, owners of nearby single-family residences petitioned to intervene as defendants, claiming that their home values would be negatively affected by the proposed development. The trial court denied leave to intervene, and on appeal, the bank argued that the controversy ceased to exist by virtue of the parties' settlement. *Id.* at 541. The Court rejected that contention, noting that the controversy remained in existence until final judgment was entered, since the trial court could have rejected the proposed settlement. *Id.* at 542. The court further observed that "intervention, though usually allowed only before judgment, will be granted after judgment where it is the only way to protect the rights of the intervenor. Indeed, leave to intervene has been granted even after a decree and appeal where the intervenor's rights were not prejudiced until that time." *Id.* at 541.

¶ 31　Similarly here, the parties had apparently entered into a settlement agreement at the time the court considered Intervenors' petition to intervene, although the court had not yet entered the consent judgment that was requested by the parties. Because the court could have rejected the proposed settlement, the controversy remained in existence until the final judgment order was entered. Accordingly, we do not find the issue to be moot.

¶ 32　Having assured ourselves of our jurisdiction, we turn to the merits of Intervenors' appeal.

¶ 33　Section 2–408(a)(2) of the intervention statute states that "[u]pon timely application anyone shall be permitted as of right to intervene in an action *** when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." 735 ILCS 5/2–408(a)(2) (West 2018). *In re Estate of Mueller*, 275 Ill. App. 3d 128, 139 (1995) ("A party is allowed to intervene as of right when *** a party who will be bound by an order or judgment in the action will not be adequately represented by existing parties."). "The decision to allow or deny intervention *** is a matter of sound judicial discretion that will not be reversed absent an abuse of that discretion." *People ex rel. Birkett v.*

*City of Chicago,* 202 Ill.2d 36, 58 (2002). "An abuse of discretion occurs when the ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would take the same view." *Rosen v. Ingersoll–Rand Co.*, 372 Ill. App. 3d 440, 448 (2007).

¶ 34    Initially, APPNA and Dr. Bari contend that the trial court's denial of intervention was justified because Intervenors failed to present a proposed pleading, which is required by the intervention statute. Specifically, the statute governing intervention expressly requires that "[a] person desiring to intervene *shall* present a petition setting forth the grounds for intervention, *accompanied by the initial pleading or motion which he or she proposes to file.*" 735 ILCS 5/2-408(e) (West 2018) (emphasis added). See, e.g., *People ex rel. Tucker v. Commonwealth Edison Co.*, 71 Ill. App. 3d 161, 163 (1979) (Affirming the denial of a petition for leave to intervene where the petitioners had not included a proposed pleading, specifically finding the statutory language to be mandatory, and rejecting the petitioner's attempts to "dismiss this requirement as 'hyper-technical.' ").

¶ 35    On this issue, we find guidance in *Soyland Power Co-op. v. Illinois Power Co.*, 213 Ill. App. 3d 916 (1991). In that case, plaintiffs Lewis Powell and others (Powell) filed a derivative action against nominal defendant Soyland Power Cooperative, Inc. (Soyland), and real defendant Illinois Power Company, Inc. (Illinois Power). *Id*. at 917; see also *Powell v. W. Illinois Elec. Co-op.*, 180 Ill. App. 3d 581, 583 (1989). The derivative action resulted from the failure or delay of Soyland to bring action against Illinois Power for alleged wrongdoing in the construction of the nuclear power plant near Clinton, Illinois. Thereafter, on motion of Soyland, Powell's derivative actions were dismissed, and Soyland was realigned as plaintiff. Subsequently, "after two years of extensive pre-trial litigation and maneuvering," Soyland and Illinois Power entered into a preliminary settlement agreement. *Soyland Power Co-op.*, 213 Ill. App. 3d 917. Upon learning of

the potential settlement, Powell filed a petition to intervene as of right pursuant to section 2-408(a)(2). The trial court denied that petition, and the appellate court affirmed, initially finding that Powell has asserted "no clear interest in the outcome of this litigation" and that any interest was "speculative and insufficient to warrant intervention." *Id.* at 919. More fundamentally, the court then concluded that "Powell failed to comply with the plain language of the intervention statute *** because he failed to file with his petition to intervene an initial pleading or motion which he proposed to file once his petition to intervene was granted." *Id.* The court explained that the

> "purpose of section 2–408(e) of the Code is to give both the trial court and any opposing party a clear indication of the relief the potential intervenor will be seeking if his petition to intervene is granted. This purpose is achieved by the requirement that the potential intervenor's initial pleading he proposes to file be attached to the petition to intervene. Only when the goals of the potential intervenor are revealed in this fashion can the trial court and any opposing party assess the appropriateness of the petition to intervene. Indeed, the very case before us, with the confusion we have already cited as to the goals of the potential intervenors, demonstrates the wisdom of the policy underlying the requirement of section 2–408(e) of the Code that the intervenor's proposed initial pleading be attached to the petition to intervene." *Id.* at 920.

¶ 36    Similarly, in *People ex rel. Tucker*, 71 Ill. App. 3d 161, the second district appellate court affirmed the denial of a petition to intervene where the petition was not accompanied by a proposed pleading. There, a park district and other taxing bodies petitioned for leave to intervene in a property tax objection action, filed by Commonwealth Edison Co. (Edison), and being defended

by the Lake County, Illinois, State's Attorney. *Id*. at 161-62. The petition stated in part "that counsel for the petitioners had learned that the State's Attorney 'may stipulate or has stipulated to certain facts alleged by Edison,' and that the Taxing Bodies' revenues 'would be directly and adversely affected' in the event of a judgment in Commonwealth Edison's favor." Id. at 162. In denying intervention, the court in *People ex rel. Tucker* explained that "[t]he absence of any initial pleading or motion, which presumably would have contained non-conclusionary allegations expressly setting forth the defects in the stipulation," was "fatal to their right to intervene." *Id.* at 163.

¶ 37    Here, Intervenors' petition to intervene also was not accompanied by a proposed initial pleading or motion, and accordingly, their petition was properly denied on this basis alone.

¶ 38    Intervenors, however, claim that they complied with the statutory requirement by "expressly identif[ying] the pleading that Intervenors proposed to adopt"—specifically, APPNA's verified answer and affirmative defenses. Intervenor cites no authority supporting the proposition that merely stating an intention to adopt the pleading of another party may suffice to comply with the intervention statute's requirement to attach a proposed pleading, and this court is aware of no such authority. To the contrary, the plain language of the statute, which requires that a petition to intervene be "accompanied by the initial pleading or motion which [the intervenor] proposes to file," precludes such a contention.

¶ 39    Moreover, Intervenors' contention illustrates another defect in their proposed intervention. Intervenors wish to simply adopt APPNA's answer and affirmative defenses, however, there is nothing in the record which would indicate that Intervenors have any authority to represent APPNA, or to defend the 2018 Amendments. To the contrary, APPNA's statutory Board of Directors is its Executive Committee, which has the sole right to manage the affairs of the

Association.[2] Accordingly, when APPNA was sued by Dr. Bari, the Executive Committee was the proper party to defend APPNA, and to determine and represent the best interests of the association. The Intervenors have not explained how, as two individual members of the Board of Trustees, they have the authority to represent APPNA, or step into its shoes by adopting its answer and defending the 2018 Amendments. The answer that Intervenors seek to adopt does not purport to represent Intervenors personally, nor does it indicate any particular interest of the Intervenors personally, or how they could defend the suit by Dr. Bari. Like in *Soyland Power Co-op.*, 213 Ill. App. 3d 916, and *People ex rel. Tucker*, 71 Ill. App. 3d 161, there was no way for the court to determine Intervenors' goals in intervention or to determine whether they met the statutory requirements without a proposed pleading accompanying their petition to intervene.

¶ 40    In light of Intervenors' failure to comply with the intervention statute's requirement to attach a proposed pleading, we find no abuse of discretion in the trial court's denial of Intervenors' petition to intervene. Accordingly, we need not consider APPNA and Dr. Bari's alternative arguments supporting the denial, specifically that the Intervenors' interests were speculative and hypothetical in nature, and that the petition was untimely.

¶ 41    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 42    Affirmed.

---

[2] Which entity was the statutory Board of Directors, and who had the authority to control the management of the Association, was the subject of a separate proceeding in the DuPage County, Illinois Circuit Court (see *APPNA v. Hashmi, et al.*, No. 2019 CH 000644), and this court may take judicial notice of those proceedings. *NBD Highland Park Bank, N.A. v. Wien*, 251 Ill. App. 3d 512, 520 (2d Dist. 1993) ("public documents that are included in the records of other and administrative tribunals may be the subject of judicial notice."). In that case, the Circuit Court determined that APPNA's Executive Committee was the sole Board of Directors and had the sole right to manage the affairs of the Association.